[Civil No. 4500.   Filed October 5, 1942.]

[129 Pac. (2d) 664.]

FRANK BROWN, Appellant, v. THE FIRST NATIONAL BANK OF WINSLOW, a National Banking Corporation, Appellee.

Mr. Guy Axline for Appellant.

Mr. C. D. McCauley and Mr. W. Dean Nutting, for Appellee.

ROSS, J.—This is an action by appellant Frank Brown against the appellee the First National Bank of Winslow to recover the value of certain enumerated personal property used in appellant's shop to repair automotive vehicles and for sale to the automotive trade.

The action was filed April 8, 1939, in the superior court of Navajo County, being No. 4518 therein. We gather from the pleadings upon which the case was decided that on March 17, 1937, Brown owed the bank on his past-due promissory note the sum of $1,451, bearing interest at 8% per annum, secured by chattel mortgage upon said described personal property or a portion thereof; that on said date such mortgage

security had become valueless without its fault and the bank filed an action, No. 4223, to recover on the note and caused a writ of attachment to be issued and levied upon appellant's personal property as security for the payment of his said indebtedness; that the summons in said action was served March 19, 1937, at the town of Winslow, Navajo County; that on April 8, 1937, the nineteenth day after the summons was served upon appellant, his default was entered and judgment was rendered against him for the sum of $1,451, with interest at 8% per annum from January 12, 1937, together with attorney's fees in the sum of $250 and costs of court in the sum of $48.61. The attachment lien was foreclosed and the property ordered sold to satisfy the judgment. Thereafter, on April 20, 1937, at 10:00 A. M., pursuant thereto, the sheriff of said county, under the direction of the bank, sold said property, or so much thereof as was necessary, to satisfy its claim.

Appellant claims he was damaged by the seizure and sale of his property in the sum of $10,000, for which he asks judgment.

It is conceded that the judgment and attachment foreclosure in Cause No. 4223 were prematurely entered. The law at the time of the entry of such judgment allowed a defendant served in the county twenty days exclusive of the day of service of summons in which to answer a complaint, section 3753, Revised Code of 1928, and only nineteen days had elapsed when the default of the defendant Brown was entered. He took no action to set aside the judgment or to prevent the sale of the attached property, although, as the record shows, he was fully informed as to what was being done, until April 8, 1939, when he commenced this action for the value of the personal property seized and sold in cause No. 4223.

The grounds alleged as his cause of action were that the judgment was void because it was entered before the service of summons was complete, and for the same reason he contended the special execution or order of sale was void. A demurrer to this complaint was sustained and thereafter, on July 19, 1940, he filed his amended complaint in which the following new matter was set out: He alleged that the sheriff's sale of the property was held at a place not designated in the notice and not on the premises where the property was taken in execution, nor at the court house door, nor at any other place in said county more convenient to exhibit the property, but in fact was held at an inconvenient place to exhibit said property, and that said pretended sale was held over the protests of appellant Brown.

It is obvious that Cause No. 4223 had for its purpose the obtaining of a personal judgment against appellant Brown on his note and that, to secure the payment of such judgment, a writ of attachment was levied upon certain personal property of Brown. Such action, then, was both *in personam* and *in rem*. It was not necessary to a valid judgment *in rem* that appellant should have been served with a summons or, if served, that the time for entering a personal judgment against him should have run. The validity of the judgment *in rem* did not depend upon a completed personal service or any service upon Brown. The legal effect was that the judgment creditor was limited in its recovery to the value of the attached property or so much thereof as was necessary to satisfy its judgment *in rem* and accruing costs. There is no suggestion that the attachment proceeding in Cause No. 4223 was not regular and in accordance with the statute. The rule in such circumstances is correctly stated, as we think, in 5 American Jurisprudence 176, section 961, as follows:

"The general rule is that in the absence of personal service, a judgment in the main suit in an attachment or garnishment can only be enforced against the res. The usual method of enforcing such a judgment is by a sale of the attached property in execution, or, as to garnished property, by proceeding in the garnishment to a final conclusion. No general execution can be issued under such a judgment for any balance unpaid after the attached property is exhausted, and no suit can be maintained on such a judgment in the same court or in any other, nor can it be used as evidence in any other proceeding not affecting the attached property, nor can the cost in such a proceeding be collected from the defendants out of any other property than that attached in the suit. . . ."

It is a fact of which Brown had full and complete knowledge that his property had been attached to satisfy his indebtedness to the bank; that it had been advertised for sale under the judgment foreclosing the attachment lien, and he took no step to prevent such sale nor made any objection thereto until he filed this action nearly two years after the sale.

We conclude that the court correctly ruled that the first complaint filed by appellant Brown failed to state a cause of action and that the demurrer thereto was properly sustained.

The judgment foreclosing the attachment lien in Cause No. 4223 was a valid judgment *in rem* and the sale of the property attached thereunder was a valid sale that passed the title to the attached property to the purchaser.

■ ■ Appellant in his amended complaint, filed July 19, 1940, some three years and three months after the execution sale, alleges that the law providing for notice of sale was not complied with, in that the sale was held at a place not designated in the notice of sale, etc. We think the appellant was guilty of laches in failing to present these grounds for vacat-

ing or setting aside the sale at an earlier stage of the proceedings. He had ample opportunity to do so and his neglect in that regard is not easily explained. His cause of action was for the detention and conversion of his personal property, as provided in section 29–202, Arizona Code 1939, which, under the statute, was barred after two years from its accrual. If it be granted his allegations of lack of legal notice are true and that such sale should be vacated, the fact remains the two-year statute of limitations had run against his action for conversion and it was so held, and properly so, by the trial court upon the insistence of the appellee.

We think the judgment should be affirmed, and it is so ordered.

LOCKWOOD, C. J., and McALISTER, J., concur.