[No. 36056.    Department One.    July 19, 1962.]

CAROLINE NISSEN, *as Guardian ad Litem, Respondent,* v. HENRY GATLIN, *et al., Appellants.*\*

\*Reported in 373 P. (2d) 491.

*Skeel, McKelvy, Henke, Evenson & Uhlmann* and *Frederick V. Betts,* for appellants.

*Gordon, Goodwin, Sager & Thomas,* for respondent.

ROSELLINI, J.—This is an action for damages resulting from personal injuries suffered by Herbert Nissen, a minor, when a motorbike on which he was riding collided with a vehicle being driven by the appellant wife, who will be referred to as the sole appellant. A verdict was rendered in favor of the respondent in the amount of $2,273.62. Upon motion of the respondent, a new trial was granted, the court finding that the verdict was so low as to unmistakably reflect passion and prejudice on the part of the jury. The appellant's motion for judgment notwithstanding the verdict was denied, and she appeals, contending that there was no evidence of negligence on which to base a verdict.

Herbert Nissen was not the driver of the motorbike but was a passenger, riding behind the driver. The motorbike had been proceeding in a southerly direction on Tongass Avenue, in Ketchikan, Alaska, and the appellant was driving north when the collision occurred. Tongass Avenue is 23 feet 8 inches wide and is paved, but there are no lane markers. Cars were parked on the appellant's side of the street, and she was forced to drive one foot to the left of the center of the street in order to pass them. It was while she was thus across the center of the street that the accident happened.

The respondent relied upon RCW 46.60.010, and alleged that the accident was caused by the negligence of the appellant in violating that statute, which provides:

"Whenever any person is operating any vehicle upon any public highway of this state he shall at all times drive the same to the right of the center of such highway except when in the exercise of care in the overtaking and passing of another vehicle traveling in the same direction, or where an obstruction exists it is necessary to drive to the left of the center of such highway, providing the same is done with due care and right of way is extended to vehicles traveling in the proper direction upon the unobstructed portion of the public highway."

■ The parties and the trial court proceeded upon the assumption that Alaska has a statute which is the same as RCW 46.60.010, observing the rule that where the law of a sister state is not pleaded and proved, it will be presumed that it is the same as the law of the forum. In this state the presumption embraces statutes as well as the common law. *Scott v. Holcomb,* 49 Wn. (2d) 387, 301 P. (2d) 1068; *Smaby v. Shrauger,* 9 Wn. (2d) 691, 115 P. (2d) 967. The propriety of that rule has not been questioned in this action.

It is the position of the appellant that Tongass Avenue was wide enough to accommodate three lanes of traffic; that even though she had driven her vehicle across the center of the street, there was ample room for the motorbike to pass her without a collision; that if it had continued in a straight line and had not veered from its path, there would have been no collision and consequently her presence on the left-hand side of the street was not a cause of the accident. (We are not here concerned with the question whether the operator of the motorbike was guilty of contributory negligence.)

■ We think, however, that it was a question for the jury whether the appellant's failure to yield the right of way (which, under the statute extends to the center line) to the approaching traffic, was a proximate cause of the accident. Had the street been marked in three lanes, the case would be governed by RCW 46.60.070, and there would be merit in the appellant's contention that she was free of negligence. Since it was not so marked and designated, RCW 46.60.010 governs; and the statute was violated when the appellant failed to yield the right of way in the left half of the street to approaching traffic.

In *Purdie v. Brunswick,* 20 Wn. (2d) 292, 146 P. (2d) 809, it was contended, as it is contended here, that the existence of an obstruction in the street effected a removal of the center line to the center of the unobstructed portion of the street. In answer to that contention, this court said:

" . . . We are unable to subscribe to that view, for, if such were held to be the law, it would not only create

irregularity and uncertainty as to center lines of streets and highways in general, but also would be most confusing to all automobile users of the highway, particularly those who should come upon an obstruction for the first time or who could not with any degree of precision determine the nature or extent of the particular obstacle. The rights and duties of users of the highway under such contingencies are not to be measured solely and strictly by any such dogmatic, yet uncertain, standard."

■ Referring to the statute that is now RCW 46.60.010, we acknowledged that a driver has a right to cross the center line temporarily where there is an obstruction, provided he uses due care as regards others using the street in that immediate vicinity and provided, further, that he extends the right of way to the vehicle traveling in the proper direction upon the unobstructed portion of the road. If a collision occurs, the burden is upon the driver using the wrong side of the road to explain how it occurred without his negligence.

In this case, the appellant observed the approaching traffic, but did not wait for it to pass. As we have said, it was for the jury to say whether the fact that she failed to yield the right of way to this traffic was a proximate cause of the collision which resulted in Herbert Nissen's injuries. The verdict reflects that this question was decided in the affirmative.

There is also a contention made that Herbert Nissen was guilty of contributory negligence because he violated an Alaska traffic regulation which required that a second seat on a motorbike be firmly attached to the vehicle. Whether this violation was a contributing cause of the accident was likewise a question for the jury.

The appellant does not question the propriety of the court's ruling that a new trial was in order because of inadequacy of damages. Accordingly, that order, as well as the order denying the appellant's motion for judgment notwithstanding the verdict, is affirmed.

FINLEY, C. J., HILL, WEAVER, and FOSTER, JJ., concur.