452 P.2d 101

Norma J. O'LEARY, by and through her Attorney and attorney-in-fact, Carl Tenney, Petitioner,

v.

The SUPERIOR COURT OF GILA COUNTY, Arizona and particularly Arnold M. Ambos, Clerk of said Court, and the Valley National Bank of Arizona, a national banking association, Respondents.

No. 9472.

Supreme Court of Arizona.

In Banc.

March 19, 1969.

Carl Tenney, Phoenix, for petitioner.

Rawlins, Ellis, Burrus & Kiewit, Phoenix, for respondents.

Arnold M. Ambos, Clerk Gila County Superior Court, Globe.

Wilson D. Palmer, Clerk Maricopa County Superior Court, Phoenix.

UDALL, Chief Justice.

Norma J. O'Leary, also known as Terry O'Leary, petitioned this court for a writ of mandamus, to compel the clerk of the Gila County Superior Court to pay over to her the unused balance of a cash supersedeas bond filed by her with the clerk of that court. On December 10, 1968 we ordered an alternative writ to issue. After studying the court records and additional authorities furnished to us, we have concluded that the writ should be made permanent.

The chronology of events in the lower courts is as follows:

*April 11, 1966* Cash supersedeas bond of $3,000 filed with the clerk of the Superior Court of Gila County, by Norma O'Leary in connection with her appeal from a decree granting her husband a divorce from her.

*Feb. 16, 1967* Complaint filed in Superior Court of Maricopa County, by Valley Bank, against Lynn A. O'Leary and Terry J. O'Leary (mainly for money due on a note.)

*Aug. 22, 1967* Divorce case affirmed on appeal. Following this affirmance, a determination of Norma's liability on the

bond was delayed, due to the inability of herself and Lynn to agree on which of various items of liability were properly covered by the bond.

*Sept. 21, 1967* Valley Bank, in its action in Maricopa County, filed an "affidavit of garnishment", alleging that the clerk of the Superior Court of Gila County "is indebted to, or has effects in his hands, belonging to" Lynn and Terry.

*Sept. 22, 1967* Writ of garnishment served on the clerk, in Gila County.

*Sept. 28, 1967* Answer filed by clerk alleging that he "was indebted to Norma J. O'Leary, whom affiant believes to be the same person as Terry J. O'Leary, defendant above named, in the sum of $3,000 as a supersedeas bond which she furnished in the case of Lynn A. O'Leary v. Norma J. O'Leary." The answer also alleged that the clerk was not indebted to Lynn O'Leary.

*Dec. 5, 1967* "Affidavit of Service by Publication" filed by Valley Bank's attorney alleging that Terry's address was unknown; that the summons against her had been published for four successive weeks in the Arizona Weekly Gazette; and that Terry "caused the events which are the subject matter of this complaint, to occur in Arizona."

*Dec. 18, 1967* The Bank's attorney filed a motion and affidavit alleging that Terry had been "regularly served with a copy of the * * * summons in this matter, by publication," and praying that Terry's default be entered. (Lynn's default had been entered on October 10, 1967 after personal service on him.) Pursuant to the affidavit, the clerk of the Maricopa County Superior Court entered a default against Terry.

*Dec. 21, 1967* A Maricopa County Superior Court Commissioner held a brief hearing and signed two judgments. The first recited that Terry had been "duly and regularly served with a copy of the * * * summons in the State of Arizona, by publication pursuant to Rule of Civil Procedure 4(e) (3) [16 A.R.S.] * * *" and that Lynn had been personally served within in the State. Judgment was therefore entered against each defendant. The second judgment recited that judgment had already been rendered against each defendant; that the amount owing by Lynn was $1571.15 and by Terry was $2019.15; that it appeared that the Gila County Superior Clerk "has filed a disclosure admitting liability to the principal defendant, Norma J. O'Leary, believed by garnishee defendant to be the same person as Terry J. O'Leary, in the sum of $3,000." Judgment was, therefore, entered against the clerk and in favor of the Valley Bank in the sum of $2019.15 and it was ordered that the clerk "be released and discharged from any claim against it by reason of the payment of said sum as herein provided."

*Sept. 17, 1968* Stipulation between Norma and Lynn, in the divorce action, that the amount due on the supersedeas bond was $465.40, and assignment by Norma of $272 to the court reporter, out of the bond money. (Total=$737.40).

*Sept. 20, 1968* Motion filed by Terry, in the Bank case, to set aside and declare void, the judgment against the garnishee, on the ground that the money was in custodia legis, and on the additional ground that the superior court, as an arm of the State, is exempt from garnishment. Also, a second motion filed in the Bank case, to set aside and declare void, the judgment against Terry, on the ground that she was never properly served with process and on the additional ground that the court was without jurisdiction to enter a personal judgment, and acquired no jurisdiction in rem because the garnishment was void.

*Nov. 12, 1968* Order approving the stipulation of Sept 17, 1968 and ordering the clerk to pay the two sums mentioned in the stipulation. Also an order signed denying the motions to vacate the judgments against the garnishee and against Terry.

*Dec. 3, 1968* Writ of mandamus filed in this court."

## I

## THE JUDGMENT AGAINST THE GARNISHEE

■ It is well settled that property in custodia legis is not subject to attachment or garnishment. This rule is universal. 1 Shinn On Attachment and Garnishment 70. The reasons for this rule are stated in Bankers' Mortgage Company of Topeka, Kansas v. McComb, 10 Cir., 60 F.2d 218, as follows:

"The reason for the rule is that to require such a person [the clerk] to respond in garnishment would result in an interruption of the orderly progress of judicial proceedings, and in an invasion of the jurisdiction of the court which has legal custody of such property."

\* \* \* \* \* \*

"Such a person, with the consent of the court having custody of such property, may be held as garnishee after the purposes of the law's custody have been accomplished, and such court has by order directed delivery thereof to the garnishee-debtor. Under such circumstances, garnishment will not interrupt the progress of judicial proceedings in such court nor invade its jurisdiction. The officer holds the property not for the law but for the person entitled thereto; and the reason for the rule no longer exists."

\* \* \* \* \* \*

"We are of the opinion however that the question of whether the purposes of the law's custody have been fully accomplished should be determined *by the court whose officer has custody of the property*, and that garnishment should not be permitted without the consent of that court." [Italics ours].

In Southwestern Bell Telephone Company v. Watson, 413 S.W.2d 846 (Tex.Civ. App.1967) the court said:

"The rule was not formulated for the protection of the party entitled to the funds, but as applied, the rule is enforced by the courts to preserve the jurisdiction of the court administering the particular property. Its purpose is to prevent conflicts of jurisdiction from one court to another and to insure orderly judicial procedure in the administration of the funds."

In that case the funds were in the hands of the sheriff, and the court had previously ordered him to turn the funds over to the debtor. Garnishment was therefore allowed. (An annotation on this subject appears in 1 A.L.R.3d 936, 943.)

■ We are in complete accord with these views. It would be improper to permit a court clerk to determine the availability of money on deposit with him. The parties involved might have informal understandings with the court, or between themselves. There might be legal complications that the clerk is not competent to unravel. The instant case illustrates just such a situation. The clerk undertook, in his answer, to indicate that Terry and Norma were the same person, and to state that he was "indebted" to Norma in the sum of $3,000, "as a supersedeas bond." Whether such a bond created a debt between the clerk and Norma, is a legal question which the clerk was not qualified to answer. Such issues should be determined by the court having jurisdiction over the funds.

■ Other considerations lead to the same conclusion. First, it is generally held that a debt is not subject to garnishment if it is contingent. Weir v. Galbraith, 92 Ariz. 279, 287, 376 P.2d 396. In the instant case, at the time of the garnishment, it had not yet been determined how much would have to be paid out of the bond money, before turning the balance over to Norma. It is conceivable that the whole $3,000 could have been required and that none would be left for her. The possibility of a balance remaining, was therefore contingent upon matters not within the knowledge of the clerk.

Second, it would impose upon the clerk burdens which ought not to be imposed upon him. If he may be garnished, he

must file an answer. He must be prepared to support his answer if it is controverted. He may be required to attend extended and repeated hearings. He may be required to participate in an appeal from a ruling on his answer. It is conceivable that the demands thus imposed upon him might impair his ability to serve the court of which he is the clerk.

■■ Third, it is the rule in Arizona that the garnisheeing creditor cannot recover more than the principal defendant himself can recover against the garnishee in a direct action. A.N.S. Properties, Inc. v. Gough Industries, Inc., 102 Ariz. 180, 427 P.2d 131; Ellery v. Cumming, 40 Ariz. 512, 518, 14 P.2d 709, 83 A.L.R. 1081. In the instant case, Norma could not have recovered the cash deposit from the clerk, since it was being held by him to secure costs and other items accruing while the appeal was pending. We have held that in order for the garnishee to be held liable, it must be shown that he was indebted to the principal defendant *at the time of the service of the writ*. J. H. Mulrein Plumbing Supply Company v. Walsh, 26 Ariz. 152, 160, 222 P. 1046. In the instant case, the writ was served on the clerk more than one year before the court approved the stipulation of the parties as to the amount due out of the money on deposit with the clerk.

We therefore must conclude that the garnishment of the clerk in the instant case, was null and void, and absolutely ineffective to give the Valley Bank any interest in or lien upon the money deposited as cash security for Norma's supersedeas bond.

II

THE JUDGMENT AGAINST NORMA (TERRY) O'LEARY

■■ In the landmark case of Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, 569, the U.S. Supreme Court made it very clear that jurisdiction is either in personam or in rem; that in order to obtain a judgment in personam it is necessary to serve the defendant within the state; that where such service is not feasible, only a judgment in rem may be obtained; that to obtain a judgment in rem, the res must be found within the state, must be brought within the court's jurisdiction by attachment, garnishment, or some such proceeding directly against the property; and that in such case the "defendant is not personally bound by the judgment beyond the property in question." Pennoyer's impact has been circumscribed in some ways by International Shoe Company v. Washington Office of Unemployment Comp. etc., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 and other cases on the subject, but the above principles are still valid and form the very basis of all courts' jurisdictions.

■■ Since that time many states have amended their court rules or enacted new laws known as "long-arm" statutes, which have generally been held to be constitutional. The changes in Arizona law are found in R.C.P. 4(e) (2) which provides that when a defendant has "caused an event to occur in this state out of which the claim which is the subject of the complaint arose", service may be had by registered mail or by personal service in another state. The quoted words are the exact words of the Bank's "affidavit of Service by Publication" filed December 5, 1967, and it is obvious that the purpose of this affidavit was to lay the foundation for service by publication. The Bank, however, has overlooked the fact that although the signing of a note in Arizona may be "an event" which brought Terry under Rule 4(e) (2), *the rule does not authorize service by publication*; the rule authorizes only service by registered mail, and personal service outside of the state.

■■ R.C.P. 4(e) (3) covers service by publication. It has already been properly interpreted by our court of appeals in Ticey v. Randolph, 5 Ariz.App. 136, 424 P.2d 178, to apply only to in-rem and quasi-in-rem actions. In the instant case, the in-rem judgment, as previously stated, can-

not be sustained because no interest in, or lien on, the res was ever acquired (since the res was in custodia legis). It follows that notice by publication cannot suffice to support the judgment entered against Terry. If the judgment be considered to be in rem, it fails because of lack of jurisdiction over the res; if the judgment be considered to be in personam, it fails because of lack of compliance with the method of service prescribed by R.C.P. 4(e) (2).

The judgments, therefore, against the clerk of the Superior Court of Gila County, garnishee, and against Norma (Terry) O'Leary, are hereby vacated and set aside. Writ of mandamus is hereby made permanent.

LOCKWOOD, V. C. J., and STRUCK-MEYER and McFARLAND, JJ., concur.

NOTE: Justice JACK D. H. HAYS, having announced his disqualification, did not participate in the determination of this appeal.