[No. 311-2.    Division Two.    October 5, 1970.]

WILFRED SADLER, *Respondent*, v. OPAL E. WAGNER, *as Administratrix, Petitioner.*

*Klingberg, Houston, Reitsch, Cross & Frey* and *Judson T. Klingberg,* for petitioner.

*Studley, Purcell & Spencer* and *Wayne Purcell,* for respondent.

ARMSTRONG, C. J.—The issue raised in this petition for a writ of certiorari is whether a plaintiff who has obtained a judgment against the administratrix of the decedents' estates, for a tort of the decedents, can garnish the administratrix.

Petitioner Opal E. Wagner, the administratrix of the Pittengers' estates, contends that an administrator, who in essence is the decedent in a representative capacity, cannot be garnished when the plaintiff has a judgment against the decedents' estates, since as a general rule only third persons and not the judgment defendants are subject to garnishment. We agree.

Plaintiff-respondent Wilfred Sadler commenced an action in Cowlitz County, Washington after effecting service on the executor of the Pittengers' estates in Lane County, Oregon pursuant to the long-arm statute, RCW 4.28.180. Shortly thereafter Opal E. Wagner, also a resident of Oregon, was substituted as the administratrix of the Pittengers' estates. The administratrix came to Washington to defend the suit and filed a counterclaim for $50,000. The trial court dismissed the counterclaim and the jury returned a verdict of $75,000, on which the judgment was entered.

In May of 1970 Sadler caused two writs of garnishment to issue out of the Cowlitz County Superior Court directed against Mrs. Wagner as administratrix of the estates of both decedents. Both writs were served on the administratrix in Oregon.

The administratrix then made a motion to quash the writs, which motion was denied. Thereafter she petitioned this court for a writ of certiorari contending, among other things, that an administratix cannot be garnished when the plaintiff's judgment runs against the decedents' estates.

The reason why the administratrix of an estate cannot be garnished by a judgment creditor of a decedent's estate becomes evident from an analysis of the policy considerations underlying the law of garnishment and probate. As administratrix of the Pittengers' estates, Mrs. Wagner was given authority by a probate court in Oregon to administer the decedents' estates. For purposes of the administration of the estate, the administratrix stands in the shoes of the decedent. The judgment obtained by the plaintiff Sadler was actually a charge against the Pittengers' estates and the administratrix in her representative capacity was a nominal defendant only. When the plaintiff attempts to garnish the administratrix of the estate, he is in essence garnishing the estate itself.

The nature of garnishment does not give such a remedy to the successful plaintiff in an action. Garnishment is a statutory remedy which contemplates the existence of three distinct parties or entities. The writ of garnishment directs a third person, the garnishee, who holds money or property of the judgment debtor, not to deliver the money or property of the judgment debtor but to appear and answer the plaintiff's writ of garnishment. 6 Am. Jur. 2d *Attachment and Garnishment* §§ 2, 3 (1963); Black's Law Dictionary 810 (4th ed. 1951).

The result that an administratix cannot be garnished in her representative capacity when the plaintiff's judgment runs against the estate can be reached through another line of reasoning. The assets of the deceased Pittengers, all of which are in Oregon, are deemed to be held by the probate court in custodia legis. The administratrix is the mere hand of the court—she cannot dispose of any assets without the express or implied consent of the probate court. Hence garnishment of the administratrix would

invade the jurisdiction of the probate court and would interfere with the efficient administration of estates. 6 Am. Jur. 2d *Attachment and Garnishment* § 196 (1963).

Although the factual pattern differed from our case, the Washington Supreme Court has taken a similar position in *Archer Blower & Pipe Co. v. Archer,* 33 Wn.2d 317, 205 P.2d 595 (1949). That case decided that an executor of a non-intervention will could not be garnished by a creditor of the decedent whose claim had been rejected by the executor. After reviewing several probate statutes of this state the court stated at page 320:

> It will thus be seen from the foregoing statutes that, when the claim of a creditor of an estate is rejected, his only remedy is to bring suit against the executor or administrator, and if any judgment is rendered it shall be only to establish the amount thereof as an allowed claim; and it necessarily follows that our garnishment statutes are not applicable.

> The statutes provide an exclusive remedy to the creditor. A writ of garnishment would avail the creditor nothing and might have the effect of giving him a preference to which he would not be entitled. Estate claims, when allowed either by the legal representative and the court, or pursuant to the above statutes, must be paid in the ordinary course of administration and in the order of statutory priority. The appellant has mistaken its remedy in seeking a money judgment against the executrix to be collected and paid through garnishment proceedings.

■ Since the parties have not pleaded or proven the Oregon probate law, it will be presumed to be the same as the law of Washington. *Nissen v. Gatlin,* 60 Wn.2d 259, 373 P.2d 491 (1962). The statutes relied upon in *Archer* have not been substantially changed by the new probate code. The reasoning in the *Archer* case would also apply to the fact situation presented in this appeal.

We conclude that a personal representative cannot be garnished in her representative capacity when plaintiff's judgment runs against the estate. A judgment against the personal representative of an estate establishes the amount

thereof as an allowed claim. The judgment must be paid in the ordinary course of administration and in the order of statutory priority. The probate statutes provide an exclusive remedy to the judgment creditor under the facts of this case.[1]

However, we do not mean to imply by our decision that it is never proper to garnish the administrator of an estate. What we have said thus far only applies to cases where the plaintiff's claim or judgment runs directly against the estate. Assuming, without deciding that Washington courts could issue writs of garnishment directed to a non-resident, there are circumstances when it may be appropriate to garnish an administratrix. A Washington statute recognizes this possibility, at least in an intrastate setting, in RCW 7.12.180, which provides in part:

> A judgment debtor of the defendant may be garnished . . . and also an executor or administrator may be garnished for money due from the decedent to the *defendant*.

(Italics ours.) It will be noted that the Washington statute relates to garnishing a personal representative for money due to the defendant. In our case the money was due to the plaintiff.

Cases in other jurisdictions have recognized two types of situations in which an administrator may be garnished. The first of these exists when the plaintiff has a claim against a beneficiary, distributee or creditor of the estate and the personal representative is garnished because he holds money or property which may be transferred to the beneficiary. In the absence of a statute to the contrary, the general rule is that such an interest is not subject to garnishment while in the hands of the personal representative of the estate before a decree of distribution is entered. *See* 6 Am. Jur. 2d *Attachment and Garnishment* § 216 (1963); 59 A.L.R. 768 (1929). Since RCW 7.12.180 is not before us in this case we do not purport to interpret whether

---

[1] Statutes applicable to a similar type of claim against a decedent in Washington include RCW 11.40.120, 11.40.130 and 11.76.110.

the personal representative may be garnished before the decree of distribution in that instance.

The second situation in which the personal representative may be garnished relates to instances in which he himself is also a beneficiary or creditor of the estate. He is a creditor since he is entitled to receive a fee for his services. In this type of case the plaintiff's judgment would be against the administrator in his individual capacity. The garnishment would warn the administrator in his representative capacity not to pay any legacy or fee to the administrator in his individual capacity. Our state has not had the occasion to determine whether the personal representative may be garnished in this fact situation either before or after the decree of distribution or the determination of the value of his services. There is a division of authority in other states. *See* 6 Am. Jur. 2d *Attachment and Garnishment* § 217 (1963); 143 A.L.R. 190 (1943).

In both fact situations and in the statutory situation described in RCW 7.12.180, *supra*, we have three distinct entities. In our case, in legal effect, we have but two entities.

We conclude that a writ of certiorari should issue and should be granted because the trial court acted in excess of its jurisdiction and there is no speedy and adequate remedy at law. RCW 7.16.040. Appeal is an inadequate remedy to resolve this question because of the hardship that would be inflicted on the probate court in the orderly administration of the estate of the decedents.

Accordingly, the writ of certiorari is granted and the writs of garnishment issued by the Cowlitz County Superior Court are quashed.

PEARSON and PETRIE, JJ., concur.