[No. 1240-1.    Division One—Panel 2.    July 10, 1972.]

BARBARA M. EHRICH, *Appellant,* v. DONALD D. EHRICH, *Respondent.*

*Moriarty, Long, Mikkelborg & Broz* and *Robert J. Walerius,* for appellant.

*Barokas, Martin & Richey* and *Larry L. Barokas,* for respondent.

SWANSON, J.—Barbara M. Ehrich appeals from an order

by the King County Superior Court dismissing her application for a writ of habeas corpus to secure the custody of her children. The appeal presents this primary issue: Should the Washington court give full faith and credit to a Minnesota court's order modifying its divorce decree by changing the custody of the children from the father to the mother, and which was entered at a time when the children were residing with their father in the state of Washington? The answer to this question depends upon whether or not the Minnesota court had jurisdiction to modify its own decree of divorce even though the children and their father, who had legal custody, had moved from the state of Minnesota to the state of Washington.

A brief factual recital is necessary to an understanding of this controversy. Barbara M. and Donald D. Ehrich were divorced in Minnesota on April 24, 1967. On July 25, 1968, the Minnesota court awarded permanent custody of the couple's three minor children to the father, subject to visitation rights in the mother which she subsequently exercised. There was no prohibition in the decree against either party removing the children from the state of Minnesota. Thereafter, Donald Ehrich, without notice, knowledge, or consent of the mother, left Minnesota with the children and moved to Seattle. On November 5, 1970, the Minnesota court entered an order changing permanent custody of the children from the father to the mother. Donald Ehrich appeared through counsel at the Minnesota hearing and was found by the Minnesota court thereby to have made a general appearance. After the father failed to comply with the Minnesota order, Barbara Ehrich filed a petition in King County Superior Court for a writ of habeas corpus to secure custody of the children. The Washington court, finding that the father had made a special rather than a general appearance at the Minnesota hearing, and that Donald Ehrich and the children were domiciled in the state of Washington, dismissed the writ. This appeal followed.

Barbara Ehrich argues that the domicile of the minor children never left Minnesota and consequently the Minne-

sota court had continuing jurisdiction to modify its own order for child custody even though the children had been removed to the state of Washington. She claims that Donald Ehrich violated the Minnesota divorce decree, which gave her visitation rights, by surreptitiously taking the children out of the state of Minnesota. She argues that the father's act of removing the children constituted disobedience of the divorce decree which prevented the children's domicile from being changed from Minnesota to Washington. She relies upon the rule stated by the court in *In re Mullins*, 26 Wn.2d 419, 174 P.2d 790 (1946), at 445 as follows:

> All reasonings and ideas of fair play and justice demand a holding that a parent acting in disobedience to an order of a court, cannot secure a new domicile for his or her child.

We are unable to agree with the appellant mother's argument because there has been no showing that the father's act of removing the children from Minnesota constituted disobedience of the Minnesota divorce decree. Barbara Ehrich directs us to certain Minnesota authority indicating that under the law of that state removal of a child from the state by the spouse having legal custody in the face of a decree providing for visitation rights in the other spouse constitutes disobedience of the decree even in the absence of a prohibition in the decree against such removal; however, we are not convinced by an examination of the Minnesota authorities cited that the law of that state is as settled on that question as claimed. *See Fish v. Fish*, 159 N.W.2d 271 (Minn. 1968); *Zaine v. Zaine*, 120 N.W.2d 324 (Minn. 1963); *Michalson v. Michalson*, 116 N.W.2d 545 (Minn. 1962). In any event, such foreign law was neither pleaded nor proven in the case at bar. In the absence of the pleading and proving of the law of the foreign state, we presume such law to be identical to the law of the forum state of Washington. *Nissen v. Gatlin*, 60 Wn.2d 259, 373 P.2d 491 (1962); *Sadler v. Wagner*, 3 Wn. App. 353, 475 P.2d 901 (1970).

■ Under the law of this state, the removal of a child to another state by a parent to whom custody has been awarded is not a violation of a decree awarding visitation rights to the other parent in the absence of a prohibition in the decree to the contrary. *In re Rankin,* 76 Wn.2d 533, 458 P.2d 176 (1969); *Sanges v. Sanges,* 44 Wn.2d 35, 265 P.2d 278 (1953). It is not disputed that Donald Ehrich had lawful custody of the children when he left Minnesota. Further, there was no prohibition in the Minnesota decree to prevent Donald from removing the children to another state. We conclude that his removal of the children to Washington was not wrongful, nor in violation of the Minnesota decree.

■■ The residence and domicile of minor children follows that of the parent having lawful custody of them. *In re Rankin, supra; Weber v. Weber,* 6 Wn. App. 722, 496 P.2d 576 (1972); *Stevens v. Stevens,* 4 Wn. App. 79, 480 P.2d 238 (1971). Donald Ehrich was residing and domiciled in the state of Washington at all times pertinent to this action; consequently, the minor children in his custody were also domiciled in Washington. That being so, we hold that the Minnesota court was without jurisdiction when it entered its order on November 5, 1970, modifying its decree of divorce and therefore is not entitled to full faith and credit. *See In re Mullins, supra.* Moreover, there is ample evidence to support the trial court's finding that the welfare of the children is best served by leaving them in the custody of the respondent father.

Judgment affirmed.

FARRIS, A.C.J., and WILLIAMS, J., concur.