509 P.2d 615

Frances E. WELLS, Appellant,

v.

The VALLEY NATIONAL BANK OF ARI-
ZONA, a national banking associa-
tion, Appellee.

No. 10762.

Supreme Court of Arizona,
In Division.

May 2, 1973.

Rehearing Denied May 22, 1973.

Patrick E. Eldridge, Phoenix, Edmond J. Brash, Florence, for appellant.

Gust, Rosenfeld & Divelbiss by James M. Koontz, O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Wilbert G. Anderson, Phoenix, for appellee.

LOCKWOOD, Justice:

The appellant Frances E. Wells, while married to Welborn L. Wells, in 1960 pur-

chased a model home. This home was the subject of the default judgment which appellant seeks to have set aside. Appellant and her former husband signed a mortgage note in the amount of $15,000 on this property in August 1960. Subsequently the Wells purchased another parcel of real property not subject to the action.

Pursuant to the Wells agreement with the contractor that built the model home, the contractor sold the property in question to C. Donald Gilbert and E. Bernice Gilbert, defendants along with the Wells in the initial action. The Wells were allegedly advised that the note and mortgage would be assumed by the Gilberts. However, according to the agreement, if the Gilberts failed to make the payments, then the Wells would be able to make the payments themselves and assume possession of the property. Later Welborn Wells signed a disclaimer deed to Frances Wells on said property.

Apparently the payments on the note referred to herein became delinquent in February 1968, and neither Frances Wells nor Welborn Wells were ever notified of the delinquency in the payments on the note to appellee Valley National Bank by the Gilberts.

On June 18, 1968, appellee filed its complaint. A private process server Lester Swanlund filed an "Affidavit of Service of Process by Private Person" with the trial court on June 27, 1968, alleging that he served E. Bernice Gilbert in person on June 23, 1968. On June 28, 1968, James M. Koontz, the attorney and agent, for Valley National Bank filed a sworn "Affidavit of Unknown Residence" with the trial court which stated:

"That the place and residence of the Defendants C. DONALD GILBERT, a divorced man and WELBORN L. WELLS and FRANCES E. WELLS, his wife is unknown to the Plaintiff [Valley National Bank] and to this affiant.

"That this affidavit is made for the purpose of authorizing service of Summons in this action to be made on said Defendants by publication, in accordance with Rule 4(e)(3), Arizona Rules of Civil Procedure, A.R.S."

Subsequently thereto, publication was duly made in the Arizona Weekly Gazette on the 2nd, 9th, 16th and 23rd days of July 1968. As a result, a default was entered against the Wells and the Gilberts. On September 18, 1968 judgment was entered for the bank against the Wells in the sum of $13,283.73; $545.27 representing accrued interest to date; $181.12 expended by the bank for taxes, insurance and assessments on the real property; $95.50 representing foreclosure title search and for $1,500 attorneys fees and for the bank's costs which were $43.11.

A sheriff's sale followed after notice by publication was made. The property was sold to the Valley National Bank for $15,696.63.

Frances Wells, in her affidavit attached to the motion to set aside the default judgment, attested to the fact that the trial court lacked jurisdiction since she was not personally served and the judgment was rendered in personam. On May 11, 1971, the trial court denied the Wells' motion to set aside the default judgment but altered the judgment pursuant to Rule 60, Rules of Civil Procedure, regarding the personal liability of Frances Wells. The court said:

"THEREFORE, IT IS ORDERED that the judgment dated September 18, 1968 be corrected, altered and modified so as to provide that the judgment upon the debt is *in rem* only, and not *in personam* as against the Defendant FRANCES E. WELLS." (Emphasis added.)

The question presented is whether the trial court had jurisdiction to enter a default judgment against Frances Wells.

■ Regarding default judgments, the general rule is that if a court had no jurisdiction because of lack of proper service on the defendant, any judgment would be void. Marquez v. Rapid Harvest Co., 99

Ariz. 363, 365, 409 P.2d 285, 287 (1965); Preston v. Denkins, 94 Ariz. 214, 219–220, 382 P.2d 686, 689 (1963).

■ Moreover, although it was more than two years since the final judgment, it has always been held that the mere lapse of time is no bar to an attack on a void judgment. Occidental Life Ins. Co. of Cal. v. Marsh, 5 Ariz.App. 74, 75, 423 P.2d 150, 151 (1967). As a result, the limit imposed by Rule 60(c), 16 A.R.S. Rules of Civil Procedure, does not control the proceedings, since "[I]f the judgment is void for lack of jurisdiction the court has no such discretion but must vacate the judgment." Preston v. Denkins, *supra*, 94 Ariz. at 219, 382 P.2d at 689.

■ In order to obtain a judgment *in personam*, personal service of the defendant is required. Cf. O'Leary v. Superior Court of Gila County, 104 Ariz. 308, 452 P.2d 101 (1969). In the instant case personal service was not employed but rather service by publication, based upon Koontz's affidavit. In that affidavit Koontz indicated that the residence of Frances Wells was unknown. On this point we have said:

"It is not the *allegation* that the residence is unknown which confers jurisdiction upon service by publication but the *existence of the jurisdictional fact* that the residence is unknown." (Emphasis in original.) Preston v. Denkins, *supra*, 94 Ariz. at 222, 382 P.2d at 691.

■ We feel that in the instant case service by publication based on the Koontz "Affidavit of Unknown Residence" was incorrect. We believe that Koontz's affidavit did not comply with the standard of due diligence as set forth in Preston v. Denkins, *supra*. In that case we noted:

"Regardless of whether the affidavit must recite a showing of due diligence, such diligence as a fact is prerequisite to the jurisdiction of the court." 94 Ariz. at 222, 382 P.2d at 691.

In the affidavit made by Frances Wells to substantiate the motion to set aside the default judgment, she attests to the following facts, which are uncontroverted by Valley National Bank:

"1. The Defendants WELBORN L. WELLS and FRANCES E. WELLS resided at 3601 East Fairmont, Phoenix, Arizona, from November 1953 to December 1961.

\* \* \* \* \* \*

"3. The Defendants Wells resided at 3136 North 37th Street, Phoenix, Arizona, from December 1961 to the present time. (The Defendants Wells were divorced in 1970).

"4. The Plaintiff, Valley National Bank, Mortgage Loan Department did hold mortgages on all three of these properties to-wit: F.H.A. Title 1, 1947; F.H.A. Mortgage on 3601 East Fairmont, 1953; Conventional Construction Loan on 3136 North 37th Street in 1962; and the subject F.H.A. mortgage.

"5. Consistently from 1947 to the present time, Defendants Wells have had checking accounts, Master Charge credit, real estate and installment contract loans outstanding with the Plaintiff, Valley National Bank, Home Office and their Indian School and Central Avenue Branch and/or their Tower Plaza Branch.

"6. In June, 1968, at the time when the affidavit of unknown residence was filed in this action, the following accounts were all active with the Plaintiff, all showing 3136 North 37th Street, Phoenix, Arizona, as the Defendants Wells address: Checking Account No. 420–1221; Checking Account No. 86–7835; Master Charge Account No. 881155115841; Loan No. 59–6235; Loan No. 61011; Loan No. 61345 \* \* \*.

"7. The Phoenix telephone directory and the Phoenix City directory have listed the Defendants Wells at the 3136 North 37th Street address every year from 1962 to and including 1970."

As stated in Preston v. Denkins, *supra*, it is the plaintiff's "duty to make use of the

obvious and simple means of learning the facts." Nowhere in the reporter's transcript of the default hearing is there evidence that the Valley National Bank used the obvious and simple means of learning the facts of the Wells' whereabouts.

We therefore feel there was a lack of due diligence on the part of the bank, making personal service required. Since there was no personal service of Frances Wells, the *in personam* default judgment is void.

Valley National Bank contends that even if the judgment is void, it is only void regarding Frances Wells' personal liability and valid regarding the *in rem* proceeding against the property.

■ We agree that as a general rule a judgment may be good regarding the property involved but void as a personal judgment. State ex rel. Commissioners of Land Office v. Keller, 264 P.2d 742, 748 (Okl.1953); Brown v. First Nat. Bank of Winslow, 59 Ariz. 392, 395–396, 129 P.2d 664, 665 (1942). Nevertheless, in the instant case, the *in rem* proceeding is also invalid, because it too is based upon the defective "Affidavit of Unknown Residence". Since we have already decided that the affidavit is ineffective, the bank has failed to comply with the standards set forth in Rule 4(e)(3), Rules of Civil Procedure, 16 A.R.S.

Furthermore, by holding the *in rem* proceeding valid, while based upon defective notice, the appellant Wells might be denied her right of redemption under A.R.S. §§ 12–1281 (1956) and 12–1282, as amended. A.R.S. § 12–1281 provides in part:

"Property sold subject to redemption, or any part sold separately, may be redeemed by the following persons or their successors in interest:

"1. The judgment debtor or his successor in interest in the whole or any part of the property."

This statutory right of redemption was recognized in the default judgment when the judge concluded:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendants, and each of them, and all persons claiming by, through and under them, from and after the date of the filing of the Lis Pendens in this cause, be, and they are hereby foreclosed, barred, and estopped from claiming any right, title or interest in and to said property above described adverse to the Plaintiff, *except the right to redeem as provided by law*." (Emphasis added.)

Consequently, there could not be a valid judgment benefitting the appellee, even if the proceeding were *in rem*, where the right of redemption would be lost within six months because the appellee had not given the appellant proper notice. As a result, the default judgment should have been set aside to give an opportunity to dispose of the question of appellant Wells' right to redemption.

■ However, the trial court in its May 11, 1971 order did not appear to vacate the default judgment but rather change it. Amendments to judgments can only be made when the language employed is ambiguous. Harold Laz Advertising Co. v. Dumes, 2 Ariz.App. 236, 237–238, 407 P.2d 777, 778–779 (1965). It is our opinion that the language of the judgment of September 18, 1968 is unambiguous and could not be altered in this manner.

■ Furthermore, Rule 59(*l*), Rules of Civil Procedure, 16 A.R.S., which provides that a motion to alter be made within ten days of the entry of judgment, does not apply because appellant Wells did not know about the judgment for approximately two years after it was entered.

Rule 60(a), which provides for the correction of clerical mistakes, also does not apply because the error complained of constituted a judicial error.

The default judgment is vacated and the case is remanded to the trial court for proceedings consistent with this opinion.

CAMERON, V. C. J., and HOLOHAN, J., concur.