[No. 7874-4-III.   Division Three.   July 14, 1987.]

LARRY D. MAYBEE, ET AL, *Respondents,* v. HENRY G. MACHART, JR., ET AL, *Respondents,* BETTY McGILLEN, *Appellant.*

*Jeffrey C. Sullivan, Prosecuting Attorney*, and *Janet F. Goodwill, Deputy*, for appellant.

*Wade E. Gano, Thorner, Kennedy & Gano, P.S., Walter B. Dauber, Richard H. Bartheld*, and *Dauber & Bartheld*, for respondents.

MUNSON, J.—Yakima County Clerk,[1] Betty McGillen, appeals the trial court's denial of her motion to quash the writ of garnishment served on her by Larry D. and Pearl Maybee. She contends the garnishment was not proper because (1) she was not "indebted" to the judgment defendants and (2) the court had not yet directed her to pay out the funds. We affirm, but modify the order.

On May 29, 1985, the Maybees obtained a judgment in Yakima County District Court against Henry G. Machart, Jr., and Charlotte Bales in the amount of $3,576.60. The Maybees subsequently filed the judgment in the Superior Court. *See* RCW 4.56.100.

On October 18, a judgment was entered in Superior Court, awarding Mr. Machart $9,391.21 and Ms. Bales $3,042.46 against George Gordon and Pacific Intermountain Express (P.I.E.). That same day, Mr. Gordon and P.I.E.

---

[1] Article 4, § 26 of the Washington Constitution states: "The county clerk shall be by virtue of his office, clerk of the superior court."

504

deposited with the clerk, pursuant to RCW 4.56.100, sufficient funds to satisfy the judgment. Later that day, the Maybees garnished these funds.[2] The clerk answered the writ of garnishment on October 28, stating she was not "indebted" to Mr. Machart or Ms. Bales, thus held no moneys subject to the garnishment. The Maybees controverted the answer. On November 15, the clerk moved to quash the writ. The court found the clerk's trust fund (RCW 36.48.090) subject to the writ of garnishment. She appeals.

The single issue is whether funds held by the County Clerk in satisfaction of a judgment are subject to a writ of garnishment served prior to the court order directing disbursement of the funds by the clerk.[3]

The clerk first contends the funds held by her were not subject to garnishment because they were held in *custodia legis, i.e.,* "[i]n the custody of the law." Black's Law Dictionary 460 (4th ed. 1968). As a general rule, funds held in *custodia legis* are not garnishable because the person holding the funds is "a mere hand of the court"; garnishment of these funds would interrupt the orderly progress of judicial proceedings and would invade the jurisdiction of the court. *See* 6 Am. Jur. 2d *Attachment and Garnishment* § 196 (1964); 38 C.J.S. *Garnishment* § 44 (1943). Washington recognizes the doctrine of *custodia legis, Kuehn v. Faulkner,* 136 Wash. 676, 241 P. 290, 45 A.L.R. 571 (1925); *Sadler v. Wagner,* 3 Wn. App. 353, 475 P.2d 901, 60 A.L.R. 3d 1296 (1970), though neither of these cases is factually applicable to the present case.

Several cases from other jurisdictions support the clerk's position that her trust funds are not garnishable. In

---

[2]The fact the same law office represented the District Court judgment creditor and the Superior Court judgment debtor may have influenced these actions; no unethical conduct was involved.

[3]Subsequent to this appeal, the court entered an order disbursing the funds from the clerk's trust fund. No appeal was taken from that motion. The only issue on this appeal is as stated above.

*O'Leary v. Superior Court,* 104 Ariz. 308, 452 P.2d 101 (1969), the court held that a cash supersedeas bond filed by the plaintiff with the clerk was in *custodia legis* and thus was not garnishable for several reasons. First, it would be improper to permit the clerk to determine the availability of the fund because there may be legal complications which the clerk is not capable of unraveling. Second, it had not been determined how much would be paid out of the bond money. Third, it would impose unnecessary burdens upon the clerk which might impair his ability to serve the court. Fourth, the clerk was not indebted to the principal defendant at the time of the service of the writ. The plaintiff served the writ on the clerk more than 1 year before the court approved a stipulation between the parties as to the amount due out of the bond. *O'Leary,* at 311–12.

As the Maybees point out, *O'Leary* is distinguishable in that: (1) the Maricopa County Superior Court issued the writ of garnishment to the clerk of the Gila County Superior Court, and (2) the property was a supersedeas bond filed by a party pending appeal. Furthermore, the *O'Leary* court, at page 311, noted that whether the purpose of the property remaining in *custodia legis* has been fully accomplished, "'should be determined *by the court whose officer has custody of the property,* and that garnishment should not be permitted without the consent of that court.'" (quoting *Bankers' Mortgage Co. v. McComb,* 60 F.2d 218 (10th Cir. 1932)); *see also Southwestern Bell Tel. Co. v. Watson,* 413 S.W.2d 846 (Tex. Civ. App. 1967).

█ Here, the clerk held the funds in satisfaction of a judgment. No one was entitled to the funds other than Mr. Machart and Ms. Bales. Thus, the clerk is "indebted" to them. Notwithstanding, we believe the clerk is entitled to ask the court for an order directing the clerk to disburse the funds. The clerk in fact has the funds as clerk of the court and the court should direct the disbursement. Thus, until such an order is entered, the funds remain in the custody of the court. However, as to funds paid in satisfaction of the judgment, the clerk must answer the writ and admit

custody of the funds, but they will only be disbursed upon the court's order. *See Hardy v. Construction Sys., Inc.*, 556 S.W.2d 843 (Tex. Civ. App. 1977); *Dunsmoor v. Furstenfeldt,* 88 Cal. 522, 26 P. 518 (1891).

Although not a matter of record, all parties acknowledge that subsequent to this appeal being taken, but prior to oral argument, an order disbursing the funds was entered and no appeal is taken therefrom. Thus, we do not reach several other issues raised.

Each party shall bear his own attorney fees.

We affirm the trial court as modified.

THOMPSON, A.C.J., and GREEN, J., concur.

Reconsideration denied August 17, 1987.

Review granted by Supreme Court December 2, 1987.