FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

2016 OCT -3 PM 12: 55

# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

In the Matter of the Marriage of

PERCASH RAMNATH,

                   Appellant,

    and

LING D. WANG,

                 Respondent.

No. 74743-6-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: October 3, 2016

LEACH, J. — Percash Ramnath appeals several trial court orders in this dissolution action. The Supreme Court's decision that Ramnath's appeal was timely only as to the December 2014 writs of garnishment precludes our consideration of his challenge to other trial court actions. And because Ramnath fails to support his challenge to those writs with any citation to legal authority or reference to the record in assigning error to those writs, we do not consider that challenge either. We affirm. Because Wang did not file a financial declaration as required by court rule, we deny her attorney fee request.

Background

Ramnath and Ling Wang separated in 2013 after 20 years of marriage. The two signed a CR 2A settlement agreement in May 2014. Earlier, the trial court granted Ramnath's request to continue the trial date from May 12 to August 26, 2014, so that the parties could attend the settlement conference that resulted

in this agreement. Wang prepared the documents needed to finalize the dissolution based on the CR 2A agreement. Ramnath disputed certain provisions in those documents. As required by the settlement agreement, Ramnath and Wang participated in binding arbitration. The arbitrator ordered Ramnath to pay Wang $130,000.[1] On July 16, 2014, Ramnath filed a notice that he would be absent from July 31 to December 31, 2014. Wang provided Ramnath with notice of a trial court hearing on July 30, 2014, to consider her motion to enter final dissolution documents. Ramnath did not attend. The trial court denied her request.

The trial court held a short trial on the scheduled date, August 26. It found that Ramnath's reasons for not appearing were "transparent" and his absence not excusable. It entered a decree of dissolution. In September 2014, the trial court found that Ramnath had violated temporary restraining orders by selling assets from a joint account. Because the settlement agreement and decree awarded these assets to Wang, the trial court ordered him to pay Wang $155,339.10 plus fees and costs. In December 2014, the trial court issued writs of garnishment directed to two of Ramnath's banks.

Analysis

Ramnath presents no cogent argument for relief on appeal.

---

[1] A week after the arbitrator issued his decision, Ramnath's counsel withdrew, effective June 29.

The law does not distinguish between litigants who elect to proceed pro se and those who seek assistance of counsel.[2] Both must comply with applicable procedural rules, and failure to do so may preclude review.[3] This court generally will not consider arguments a party does not support with pertinent authority, references to the record, or meaningful analysis.[4] The appellant has the burden to provide a record sufficient to review the issues raised on appeal.[5]

Ramnath did not comply with these requirements. His briefing contains no citations to authority, no description of the applicable standards of review, and no meaningful legal analysis. To the extent he makes factual assertions, they consist primarily of accusations of misconduct by Wang's counsel. Ramnath fails to cite any evidence from the record supporting his accusations, and we find none. These deficiencies prevent our consideration of the merits of Ramnath's appeal. Nevertheless, we address the essence of his claims as best we can.

First, Ramnath challenges the decree of dissolution the trial court entered August 26, 2014, and the contempt order and judgment it entered a month later. The Supreme Court has already ruled that this challenge is time barred.

Ramnath filed a notice of appeal in the Supreme Court in January 2015. The Supreme Court clerk ruled that Ramnath's appeal was timely only with

---

[2] In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

[3] Olson, 69 Wn. App. at 626; State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999).

[4] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (arguments not supported by authority); State v. Camarillo, 54 Wn. App. 821, 829, 776 P.2d 176 (1989) (no references to the record), aff'd, 115 Wn.2d 60, 794 P.2d 850 (1990); RAP 10.3(a).

[5] Story v. Shelter Bay Co., 52 Wn. App. 334, 345, 760 P.2d 368 (1988).

respect to writs of garnishment the trial court entered in December 2014. Because Ramnath appealed more than 30 days after the August and September decisions, the clerk decided that his appeal of those decisions was time barred unless the Supreme Court granted him a motion for extension of time to file a notice of appeal. Ramnath made this motion, and the court denied it.

Thus, the Supreme Court already decided that Ramnath waived his appeal of all trial court decisions except the orders authorizing the court clerk to issue writs of garnishment to Wells Fargo Bank and JP Morgan Chase Bank. This court cannot review Supreme Court decisions.

Ramnath offers no basis for his challenge to those writs of garnishment other than the challenges he waived.

Garnishment is a statutory remedy to enforce the obligations of debtors.[6] It "requires strict adherence to the procedures expressly authorized by statute."[7] Garnishment involves three parties: a judgment creditor, a judgment debtor, and a garnishee, which holds property belonging to the debtor.

The garnishment statute, ch. 6.27 RCW, permits garnishment of the debtor's property if the creditor serves "'a writ of garnishment on a party who is indebted to the [judgment] debtor at the time of service.'"[8] "[U]pon a proper showing by a creditor, a court must enter either a default judgment against, or a

---

[6] Watkins v. Peterson Enters., Inc., 137 Wn.2d 632, 638, 973 P.2d 1037 (1999).
[7] Watkins, 137 Wn.2d at 640.
[8] Seven Sales LLC v. Otterbein, 189 Wn. App. 204, 211, 356 P.3d 248 (2015) (alteration in original) (quoting Weyerhaeuser Co. v. Calloway Ross, Inc., 133 Wn. App. 621, 624, 137 P.3d 879 (2006)); RCW 6.27.250(1)(a).

judgment in the amount held by a garnishee."[9] A writ of garnishment directs the garnishee not to deliver the debtor's property but to appear and answer the writ.[10]

Ramnath appears to base his challenge to the writs of garnishment solely on challenges to the underlying judgment against him, not on any failure to satisfy the garnishment statute's requirements. These are the arguments that the Supreme Court found Ramnath waived by failing to appeal those orders within 30 days.

Wang requests attorney fees on appeal. RAP 18.1 allows this court to award attorney fees when applicable law authorizes them. RCW 26.09.140 gives this court discretion to award attorney fees on appeal. In exercising this discretion, we consider the arguable merit of the issues on appeal and the parties' financial resources.[11] "A party must timely file a financial declaration for his or her resources to be considered."[12] Because Wang did not file a financial declaration with this court, we deny her fee request.

---

[9] Watkins, 137 Wn.2d at 645; RCW 6.27.250(1)(a).
[10] Sadler v. Wagner, 3 Wn. App. 353, 355, 475 P.2d 901 (1970).
[11] In re Marriage of Raskob, 183 Wn. App. 503, 520, 334 P.3d 30 (2014).
[12] Raskob, 183 Wn. App. at 520; RAP 18.1(c).

## Conclusion

Because Ramnath waived any challenge to the dissolution decree, contempt order, or judgment against him and offers no basis for challenging the writs of garnishment, we affirm.

_Leach, J._

WE CONCUR:

_Trickey, ACJ_                    _Mann, J._