[No. 30789. Department Two. May 2, 1949.]

ARCHER BLOWER AND PIPE COMPANY, *Appellant*, v. LENA
DALPE ARCHER, *Individually and as Executrix,*
*Respondent.*[1]

*Bell, McNeil & Bowles,* for appellant.

*John J. Kennett* and *James D. McCutcheon, Jr.,* for respondent.

GRADY, J.—This is an appeal from an order quashing a writ of garnishment and presents the question of whether the funds of an estate being administered under a nonintervention will are subject to garnishment by a creditor of the decedent.

During the progress of the administration of the estate of Alfred Charles Archer, deceased, the Archer Blower and Pipe Co., claiming to be a creditor of the decedent and

[1]Reported in 205 P. (2d) 595.

of his estate, filed claims against the estate, which the executrix rejected. The appellant brought suit against the widow of the decedent individually and in her capacity as executrix of the will. Shortly after the commencement of the action, the appellant instituted garnishment proceedings, and writs were issued directed to the Puget Sound Savings & Loan Association and the National Bank of Commerce, both of Seattle. The Puget Sound Savings & Loan Association made an answer to the writ of garnishment in which it stated that it was not indebted to Lena Dalpe Archer either individually or as executrix of the estate of Alfred Charles Archer, deceased, in any sum or sums whatsoever, and did not have in its possession or under its control any effects of Lena Dalpe Archer in either capacity. The garnishee stated that there stood on its records certain savings accounts in the name of A. C. Archer and other savings accounts in both the names of A. C. Archer and Lena D. Archer. The answer of the National Bank of Commerce stated that it was not indebted to the respondents except an indebtedness to Mrs. A. C. Archer in a stated sum, and did not have any personal property or effects in its possession or under its control belonging to the respondent save and except the contents of a safe deposit box under the name of A. C. Archer or Mrs. A. C. Archer.

Lena Dalpe Archer moved to quash the writs of garnishment in so far as they affected her individually. The court entered an order granting the motion, and the garnishees were authorized to permit her to withdraw moneys and property from certain accounts and deposit boxes. No appeal has been taken from that order.

Lena Dalpe Archer in her capacity as executrix also moved to quash the writs of garnishment in so far as they affected the assets of the estate of Alfred Charles Archer, and an order was entered quashing such writs. The appellant has taken an appeal from this order.

The appellant has made a very engaging argument in support of the right of an estate creditor to maintain garnishment proceedings ancillary to his action against an executor of a will upon a rejected claim after a decree of

distribution has been entered, and contends the same principle must apply in the case of a nonintervention will upon the entry of an order of solvency, and that, in either case, the property in the hands of the executor is no longer in the custody of the law, and hence may be impounded by garnishment proceedings.

In support of his contention, the appellant cites several specific cases and the annotation following the case of *Island Pond Nat. Bank v. Chase*, 101 Vt. 60, 141 Atl. 474, 59 A. L. R. 766. The cited cases and those reviewed by the author of the annotation appear to be those where a creditor of an heir, legatee, distributee, or creditor of an estate brought suit to recover a judgment against such heir, legatee, distributee, or creditor and caused a writ of garnishment to be issued directed to an executor or administrator of an estate to impound money or property available for distribution to such heir, legatee, or distributee or to pay an indebtedness owing to such creditor of the estate. We shall not discuss the rules of law applicable to such a relationship of parties, because the factual situation in the case before us is entirely different, in that the appellant, a creditor of the *decedent* and his estate, is maintaining an action against the executrix of that estate to recover upon rejected claims, and has caused writs of garnishment to issue directed to garnishees having money and property in their hands belonging to the estate.

■ The prayer of the complaint of the appellant is for a general money judgment against the executrix of the estate of the decedent. The appellant is not entitled to relief in that form. Rem. Rev. Stat., § 1482 [P.P.C. § 197-11], provides the remedy a creditor has when his claim is rejected by an executor or administrator. This statute reads as follows:

"When a claim is rejected by either the executor, administrator, or the court, the holder must bring suit in the proper court against the executor or administrator within thirty days after notification of the rejection, otherwise the claim shall be forever barred."

Rem. Rev. Stat., § 1488 [P.P.C. § 197-23], further provides:

"The effect of any judgment rendered against any executor or administrator shall be only to establish the amount of the judgment as an allowed claim."

It will thus be seen from the foregoing statutes that, when the claim of a creditor of an estate is rejected, his only remedy is to bring suit against the executor or administrator, and if any judgment is rendered it shall be only to establish the amount thereof as an allowed claim; and it necessarily follows that our garnishment statutes are not applicable.

■■ The statutes provide an exclusive remedy to the creditor. A writ of garnishment would avail the creditor nothing and might have the effect of giving him a preference to which he would not be entitled. Estate claims, when allowed either by the legal representative and the court, or pursuant to the above statutes, must be paid in the ordinary course of administration and in the order of statutory priority. The appellant has mistaken its remedy in seeking a money judgment against the executrix to be collected and paid through garnishment proceedings.

The order from which the appeal has been taken is affirmed.

JEFFERS, C. J., ROBINSON, SIMPSON, and SCHWELLENBACH, JJ., concur.