[No. 31565. Department Two. May 19, 1951.]

HENRY J. BAILEY, *Respondent,* v. HARRY SCHRAMM, *Appellant.*[1]

*Louis J. Muscek* and *Marshall D. Adams,* for appellant.

*James P. Healy* and *Fred C. Dorsey,* for respondent.

*Emory, Howe, Davis & Riese, amici curiae.*

GRADY, J.—The controversy before the court arose out of the will and in the matter of the estate of Katie Bailey. The will was admitted to probate, and Marie Schramm, a daughter of decedent, was appointed executrix. Upon her death, Harry Schramm, her surviving husband, was appointed administrator *de bonis non* with the will annexed of the estate.

At the time of the death of decedent, there existed three savings accounts in the joint names of Katie Bailey and

[1]Reported in 231 P. (2d) 333.

Henry J. Bailey, her husband, and three United States savings bonds of a maturity value of two hundred dollars. The bonds were payable to either Henry J. Bailey or Katie Bailey, or the survivor. Bailey withdrew seven hundred dollars from one of the accounts and gave the money to the executrix to be used to defray expenses of the last illness of decedent, funeral and burial expenses, and costs of administration. The executrix took possession of the bonds and withdrew from the various depositaries the amounts of the savings accounts, and deposited the money in an estate account.

Bailey filed a claim against the estate in the sum of nine hundred dollars, made up of the seven hundred dollars withdrawn and given to the executrix and the bonds. The claim was rejected. Bailey conceived that his remedy was to institute the statutory action prescribed by Rem. Rev. Stat., § 1482 [P.P.C. § 197-11], but instead of confining himself to seeking a judgment establishing the amount thereof as an allowed claim against the estate, he prayed for a personal judgment against the executrix and her husband in the sum of nine hundred dollars, an order requiring them to return to him the three war bonds and requiring the executrix to cause to be returned to him the passbooks representing the savings accounts. After the death of Marie Schramm, the court made an order substituting Harry Schramm, in his capacity as executor of her estate and also as administrator *de bonis non* with the will annexed of the estate of Katie Bailey, as defendant.

At the trial of the action, evidence was submitted in support of the estate claim. When it was made to appear that the savings accounts had been withdrawn and deposited in an estate account by the executrix, it was considered by Bailey that the passbooks would be of no use to him. He requested that his complaint be amended to conform to the proof made so that he might recover judgment for the money represented by such passbooks. The court denied the motion, apparently upon the theory that the question whether the money represented by the pass-

books belonged to Bailey or was a part of the estate of decedent was not justiciable in the action being tried, but involved a question to be adjudicated in the administration of the estate.

At the close of the trial, the court took the case under advisement and later concluded that the amendment should have been allowed. The court held that the savings accounts were deposited pursuant to contracts which made the money the joint property of Bailey and wife, with right of survivorship, and hence upon the death of Katie Bailey it became the property of Henry J. Bailey and was not a part of her estate. A judgment was entered against Harry Schramm in both representative capacities and individually for the amount of the savings accounts and interest, adjudging the bonds to be the separate property of Henry J. Bailey, directing they be returned to him and that he have his costs and disbursements. Harry Schramm in all three capacities in which judgment was rendered against him has appealed.

The appellant makes twenty-two assignments of error, and the arguments presented in the briefs of appellant and respondent have taken a very wide range. *Amici curiae* have filed a brief upon the question whether the status of the savings accounts was that of joint tenancies with the elements of survivorship, and contend that the rules of law pronounced in *In re Ivers' Estate,* 4 Wn. (2d) 477, 104 P. (2d) 467, are applicable.

Our examination of the record has brought us to the conclusion that the judgment in the form entered is erroneous, and that the case must be remanded for further proceedings. It was not proper for the respondent to include in his action upon the rejected claim the questions whether the bonds became his property upon the death of Katie Bailey or the savings accounts became his property by right of survivorship, and the court should not have permitted them to be litigated. The status of the bonds and the money deposited in the savings accounts, whether a part of the estate of decedent or the property of respondent, was a question to be determined by the court in the course of

the administration of the estate. The rejected claim of respondent was a matter to be litigated by him by an action in the superior court in accordance with the procedure outlined by Rem. Rev. Stat., § 1482 [P.P.C. § 197-11], and if it was found he was entitled to any relief, it would be in the form of a judgment allowing his claim as provided by Rem. Rev. Stat., § 1488 [P.P.C. § 197-23].

We do not have a question of a mere irregularity in procedure, or a situation where it can be said that, as the court had acquired jurisdiction over the interested parties and the subject matter, it should therefore proceed to adjudicate matters upon which they had joined issue. Orderly procedure requires that matters germane to the administration of an estate be determined by the court therein and are not subjects of civil actions. When a claim is presented against an estate, our statutes provide that if it is rejected, then the claimant must proceed by civil action.

Inasmuch as the seven hundred dollars involved in the claim against the estate was taken from one of the savings accounts, its status must first be determined in the probate proceedings before it can be said that respondent has a claim against the estate for money advanced to the executrix to pay funeral expenses, etc., or which may be erroneously held by the appellant as part of estate funds. We are therefore unable to determine the question of whether respondent has a claim against the estate or the amount thereof.

We remand the cause to the lower court so that the judgment may be vacated and set aside and further proceedings had to determine the legal status of the money represented by the savings accounts and bonds, and whether respondent has any valid claim against the estate.

The appellant will be awarded costs and disbursements on this appeal.

SCHWELLENBACH, C. J., ROBINSON, MALLERY, and HAMLEY, JJ., concur.

June 26, 1951. Petition for rehearing denied.