[No. 33411. Department Two. January 12, 1956.]

JOHN SCHLUNEGER et al., Appellants, v. SEATTLE-FIRST
NATIONAL BANK, Respondent.[1]

Tonkoff, Holst & Hopp, for appellants.

F. L. Stotler, Cameron Sherwood, and Robert A. Comfort,
for respondent.

WEAVER, J.—May an action upon a rejected claim in probate be maintained against a corporate executor in a county wherein it transacts business, but in a county other than the one in which it was appointed executor?

Defendant, Seattle-First National Bank, through its Spokane and Eastern branch, was appointed executor of the estate of Frank A. Bryant, deceased, by the superior court of Whitman county. It is alleged that the corporate defendant, a national banking association, does business in the county of Spokane.

[1] Reported in 292 P. (2d) 203.

Pursuant to notice to creditors of said decedent, plaintiffs served a creditor's claim upon defendant executor and filed it with the clerk of the superior court of Whitman county within the time permitted by law.

December 9, 1953, the corporate executor rejected plaintiffs' claim by registered letter mailed from Spokane, Washington. December 31, 1953, this action was commenced in Spokane county against the corporate executor of the estate of Frank A. Bryant, deceased.

January 22, 1954, defendant appeared specially, challenged the jurisdiction of the superior court of Spokane county, and objected "to any further proceeding herein other than a dismissal of said action."

September 29, 1954, the superior court of Spokane county refused to dismiss the action, but ordered it transferred to Whitman county. No review was sought of this order.

October 11, 1954, the pleadings were transferred to the office of the clerk of the superior court of Whitman county. Defendant again made a special appearance and demurred to the complaint upon the grounds, *inter alia*, that the action had not been commenced within the time limited by law, since

". . . the time for the commencement thereof in said Court [Whitman county] expired on February 9th, 1954, whereas said action was purportedly transferred from said Superior Court for Spokane to said Superior Court for Whitman County, upon an order of said former Court, under date of September 29, 1954."

Plaintiffs appeal from a judgment of the superior court of Whitman county dismissing their action with prejudice.

RCW 11.40.060 provides:

"When a claim is rejected by either the executor, admintrator, or the court, the holder must bring suit in the *proper court* against the executor or administrator within thirty days after notification of the rejection, otherwise the claim shall be forever barred." (Italics ours.)

The probate code of this state contains no provision for a review of the rejection of a creditor's claim. Under the statute, an action must be commenced upon the re-

jected claim. *Archer Blower & Pipe Co. v. Archer*, 33 Wn. (2d) 317, 320, 205 P. (2d) 595 (1949). It is an ordinary civil action; it is not a part of the probate proceedings. *Spokane v. Costello*, 57 Wash. 183, 106 Pac. 764 (1910); *Bailey v. Schramm*, 38 Wn. (2d) 719, 722, 231 P. (2d) 333 (1951).

In *Spokane v. Costello, supra,* this court said:

"A reading of the statute relating to the presentation and establishing of claims against an estate renders it plain that, upon the rejection of a claim, it is to be established, if at all, by an ordinary civil action brought and prosecuted by the claimant against the administrator, the same as against any other defendant. Rem. & Bal. Code, §§ 1479-1483. It is in no sense a special proceeding, nor is it a part of the probate proceeding." (p. 189)

Respondent, relying upon RCW 11.16.070, argues that an action upon a rejected creditor's claim must be commenced in the superior court of the county wherein the executor or administrator was appointed.

The statute reads:

"All orders, settlements, trials, and other proceedings, under this title [probate code] shall be had or made in the county in which letters testamentary or of administration were granted."

In *Bailey v. Schramm, supra,* we recognized the nice distinction between matters germane to the administration of an estate, which, under the statute, must be presented to the superior court wherein the executor or administrator was appointed, and a civil action to establish a rejected claim as a charge against an estate. Once the rejected claim is established "in the proper court," it then becomes subject to the rules of estate administration.

■■ Being a civil action and not a part of the probate proceedings, orderly procedure requires that an action upon a rejected creditor's claim be governed by the same rules relative to venue as any other civil action.

Rule of Pleading, Practice and Procedure 1, 34A Wn. (2d) 68, provides:

"An action may be brought in any county in which the defendant resides, or, if there be more than one defendant,

where some one of the defendants resides at the time of the commencement of the action. For the purpose of this rule, the residence of a corporation defendant shall be deemed to be in any county where the corporation transacts business, or has an office for the transaction of business, or transacted business at the time the cause of action arose."

It follows that the present action was properly filed in Spokane county, wherein the corporate executor "transacts business."

Under a similar statute, the courts of California reached the same conclusion. *Chiapella v. County Nat. Bank & Trust Co.*, 217 Cal. 503, 19 P. (2d) 983 (1933); *Vickerson v. Wehr*, 42 Cal. App. (2d) 678, 109 P. (2d) 743 (1941); 2 Bancroft's Probate Practice (2d ed. 1950) 559, § 454; 3 id. 701, § 877.

If read out of context, there is some language in *State ex rel. McClintic v. Superior Court*, 158 Wash. 255, 290 Pac. 870 (1930), which indicates an opposite conclusion. Therein, plaintiff commenced an action to quiet title to certain lands in Yakima county. Plaintiff's cause of action depended primarily upon his ability to prevail on a money claim against decedent's estate which was being probated in Thurston county. His claim against the estate had been rejected, and he had filed suit to enforce it in Thurston county. This court stayed proceedings in the case pending in Yakima county until the Thurston county court had made an accounting between plaintiff and decedent's estate. No facts appear which would support the venue of an action in any county other than Thurston, upon the money claim against the estate. Thus the case is distinguishable.

The judgment dismissing appellant's action with prejudice is reversed.

HAMLEY, C. J., FINLEY, HILL, and ROSELLINI, JJ., concur.