HAROLD W. T. PURNELL, Plaintiff, v. ERWIN R. SIMONYI, t/a S & T PHOTO SERVICE, Defendant.

(*April* 1, 1958.)

CHRISTIE, J., sitting.

*Daniel J. Layton, Jr.,* for plaintiff.

*Robert W. Tunnell* for Eastman Kodak Stores, Inc., of Philadelphia and Baltimore, one of the creditors.

Superior Court for Sussex County, No. 211, C. A. 1956.

CHRISTIE, J.:

Plaintiff filed a complaint and affidavit in domestic attachment pursuant to the provisions of 10 *Delaware Code*, § 3501 *et seq.* Certain property was attached and sold by the Sheriff as perishable goods. Then plaintiff filed a petition for the appointment of auditors to audit the claims of defendant's creditors pursuant to 10 *Delaware Code*, § 3521 *et seq.* Auditors were appointed and the funds derived from the Sheriff's sale were delivered to them. Thereafter, plaintiff's motion for a default judgment against the defendant was granted and judgment was entered in this Court.

Pursuant to 10 *Delaware Code* § 3522, the auditors gave 30 days notice of their first meeting. The meeting was duly held, and other parties in interest appeared. Plaintiff failed to appear, present his claim and make proof thereof as required by 10 *Delaware Code* § 3525.

After the auditors' meeting and before the auditors' report was rendered, plaintiff's attorney wrote to the auditors explaining why he felt that proof of plaintiff's claim was unnecessary. In the same letter it was stated on behalf of plaintiff: "If further proof of this claim is desired, please advise and I will appear before you at your convenience for that purpose."

Without answering this letter, the auditors rendered a report disallowing plaintiff's entire claim. Pursuant to 10 *Delaware Code*, § 3523, plaintiff has filed exceptions to the auditors' report.

It is plaintiff's position that he was not required to appear at the auditors' meeting and prove his claim. Plaintiff argues: 1) the statutory requirement that creditors prove their claims does not apply to the very creditor who instituted the proceedings since his claim is a part of the record; 2) even if the creditor who instituted the proceedings is required to present proof of his claim, plaintiff's suit of record supported by affidavit, attachment lien and default judgment constitutes any required proof.

One of the other creditors, Eastman Kodak Stores, Inc. of Philadelphia and Baltimore, seeks to uphold the auditors' report on the basis that the statute requiring creditors to appear and prove their claims contains no exception as to the creditor who happened to institute the attachment proceedings. The duty of all creditors to appear under the United States Bankruptcy Act, 11 *U. S. C. A.* § 1 *et seq.* is also cited in support of the auditors' report.

The statute plainly states that "every creditor who neglects duly to present his claim, in person or by attorney, to the auditors according to notice, or to make proof thereof as required, shall be debarred from receiving any share or dividend in the distribution to be made by the auditors". 10 *Delaware Code*, § 3525. The creditor instituting the proceedings gets a double share of the funds distributed, such share not to exceed the debt. 10 *Delaware Code*, § 3522(c). The statute gives the instituting creditor no other special privileges and there is no justification for treating him differently from the other creditors. The contention that he need not prove his claim is without merit.

The contention that the instituting creditor's court proceedings constitute or take the place of proof of his claim, and satisfy the requirements of the statute is also without merit. The mere fact that a suit is filed or a judgment entered does not in itself prove the claim within the meaning or spirit of the statute here in question. Although a judgment may represent

an apparently valid debt, there are often situations where part or all of a claim based on a judgment is invalid. These are well known in bankruptcy law. For example, there may have been a part payment of the judgment or the claim based on the judgment may also be asserted in another form or even by another creditor so that there is a duplication of claims. An important purpose of the auditors' meeting is the opportunity to prove or test the validity of each claim. Such proof may be routine or easy to present but the requirement that it be presented cannot be avoided.

The Court questioned the appearing attorneys as to their attitude toward a remand of the case for further hearings by the auditors. It was the position of Eastman Kodak Stores that this should not be done because an attachment statute is in derogation of the common law and must be strictly construed. *E. J. Hollingsworth Co. v. Continental-Diamond Co.*, 1934, 6 *W. W. Harr.* 303, 175 *A.* 266; *Wooley* § 1240. Such creditor also maintained that there is no justification in the statute for another hearing. Plaintiff, on the other hand, took the position that 10 *Delaware Code*, § 3522 gives this Court broad authority to "correct the account" and that such authority would include authority to order a further meeting of the auditors.

Modern practice frowns on the loss of important substantive rights on account of procedural failures. This is particularly true where the party seeking a strict and technical application of a procedural requirement would suffer no serious prejudice if the procedural defect is corrected and the matter proceeds to trial on its merits. *Giles v. Rodolico, Del.* 1958, 140 *A.* 2d 263. The purpose of the proof requirement is not to test the ability of a creditor to appear at a given time and place, but rather to test the merits of his claim. The statute is designed to bar the claims of those who fail to prove their claims or those who sleep on their rights. Although the mere existence of a proceeding or a judgment would not constitute proof of plaintiff's claim, it did in this case at least give the auditors notice that plaintiff had some sort of claim. The other creditors also

knew of plaintiff's claim, and no one was under the impression that plaintiff had abandoned his claim.

Although the law requires plaintiff to prove his claim, it does not forbid more than one meeting of the auditors for this purpose. The statute specifies that "subsequent sitting shall be by adjournment duly made and publicly announced". 10 *Delaware Code*, § 3522(a). Plaintiff felt that he was not required to present proof of his claim but when it appeared that the auditors might disagree with his interpretation of the law, he sought an opportunity to present "further proof" if required. Plaintiff did not sleep on his rights; he merely misunderstood his duties.

Under all of the special circumstances here present, it seems entirely proper and equitable that a further meeting of the auditors be scheduled at which plaintiff should be given an opportunity to prove his claim.

The Court has authority to correct the auditors' errors. The auditors erred in denying plaintiff's request for an opportunity to present proof of his claim even though the request came after the initial meeting. It is felt that this correction had best be made in the first instance by the Court appointed auditors.

The auditors' report is remanded to the auditors with instructions to reopen the case and to conduct another meeting.

Other objections to the auditors' report may become moot and will not be passed upon at this time. Such objections may, of course, be renewed when the new report is filed.