

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Estate of )
) No. 69244-5-I
)
KARL O. MOLCK, ) DIVISION ONE
)
Deceased. ) UNPUBLISHED
)
) FILED: August 18, 2014
)
)

Cox, J. — When a personal representative of an estate in probate rejects a creditor's claim against the estate, RCW 11.40.100(1) requires the creditor to "bring suit against the personal representative" within 30 days. Here, the trial court granted the estate's motion to dismiss a creditor's petition to enforce a claim for failure to comply with RCW 11.40.100(1). Because the trial court did not err, we affirm.

On October 1, 2010, Karl O. Molck died, leaving property subject to probate. Molck's niece, Karen Schickling, filed a copy of a will dated September 2008, but did not offer it for probate as she could not locate the original. On October 21, a Snohomish County Superior Court commissioner appointed Schickling as personal representative to administer the estate.

On February 25, 2011, Lawrence Reed filed a creditor's claim of $9,500 against the estate, citing RCW 11.40.070. In November 2011, pursuant to RCW 11.68.080(1), Schickling notified creditors, including Reed, that the estate may be

insolvent. Schickling filed a notice of rejection of Reed's claim, citing RCW 11.40.100, on January 25, 2012.

On February 6, 2012, Reed filed a summons and petition under the probate cause number seeking enforcement of his creditor's claim and enforcement of his claimed rights of inheritance under the copy of the September 2008 will. The summons states that it is "Issued in accordance with RCW 11.96A.100 and the rest of the Trust and Estate Dispute Resolution Act," and that it is "issued under RCW 11.96A.100(3)." As to the creditor's claim, the petition asks the court to make findings of fact regarding his $9,500 claim against the estate and order the estate and Schickling to pay the claim, as well as his attorney fees and costs as provided by RCW 11.96A.150.

On July 20, 2012, Schickling moved to dismiss Reed's petition for enforcement of his creditor's claim. Schickling argued that because Reed failed to file a separate civil action against the personal representative within 30 days after notification of rejection, his claim should be "forever barred" under RCW 11.40.100(1). Alternatively, she argued that Reed failed to pay the filing fee required to invoke the jurisdiction of the court under RCW 36.18.012 and RCW 36.18.020.

Schickling also requested attorney fees and costs under RCW 11.96A.150(1) and attached a fee declaration and invoice for $2,035 in attorney fees. Reed did not either file a response or appear for the scheduled hearing on the motion.

After a hearing on July 27, the trial court dismissed Reed's petition for enforcement of his creditor's claim with prejudice and awarded the estate $2,035 in attorney fees. Reed appeals.

## RCW 11.40.100

Reed challenges the dismissal of his petition for enforcement of his creditor's claim, contending that chapter 11.96A RCW, the Trust and Estate Dispute Resolution Act (TEDRA), supersedes prior case law interpreting RCW 11.40.100 to require a creditor challenging a personal representative's rejection of a claim to file a separate civil suit. Instead, Reed asserts that TEDRA allows such a challenge to be filed either as a separate suit or as a petition within a probate proceeding. We disagree.

The meaning of a statute is a question of law that we review de novo.[1] Our objective is to ascertain and carry out the legislature's intent.[2]

RCW 11.40.100(1) provides:

> If the personal representative rejects a claim, in whole or in part, the claimant must bring suit against the personal representative within thirty days after notification of rejection or the claim is forever barred. The personal representative shall notify the claimant of the rejection and file an affidavit with the court showing the notification and the date of the notification. The personal representative shall notify the claimant of the rejection by personal service or certified mail addressed to the claimant or the claimant's agent, if applicable, at the address stated in the claim. The date of service or of the postmark is the date of notification. The notification must advise the claimant that the claimant must bring suit in the proper court against the personal representative within thirty days after notification of rejection or the claim will be forever barred.

---

[1] Manary v. Anderson, 176 Wn.2d 342, 350, 292 P.3d 96 (2013).

[2] Id. at 350-51.

3

Washington courts have interpreted RCW 11.40.100(1) and its prior versions to require a creditor whose claim has been rejected to file a separate civil action against the personal representative because the "probate code of this state contains no provision for a review of the rejection of a creditor's claim."[3] The creditor must file and prosecute an "ordinary civil action," which "is in no sense a special proceeding, nor is it a part of the probate proceeding."[4] Any judgment obtained by the creditor then establishes "the amount of the judgment as an allowed claim" against the estate.[5] This process provides the "exclusive remedy to the creditor."[6]

Reed relies on former RCW 11.96A.090(2), which provided, "A judicial proceeding under this title may be commenced as a new action or as an action incidental to an existing judicial proceeding relating to the same trust or estate or nonprobate asset."[7] But contrary to Reed's bald assertion, a creditor's civil suit to establish the existence of a debt owed by the estate is not a judicial proceeding under Title 11 RCW.[8] And TEDRA specifically provides, "The

---

[3] Schluneger v. Seattle First Nat'l Bank, 48 Wn.2d 188, 189-90, 292 P.2d 203 (1956); Bailey v. Schramm, 38 Wn.2d 719, 722, 231 P.2d 333 (1951).

[4] City of Spokane v. Costello, 57 Wash. 183, 189, 106 P. 764 (1910).

[5] RCW 11.40.120; Archer Blower & Pipe Co. v. Archer, 33 Wn.2d 317, 320, 205 P.2d 595 (1949).

[6] Archer Blower, 33 Wn.2d at 320; Gilkes v. Beezer, 4 Wn. App. 761, 768, 484 P.2d 493 (1971).

[7] Former RCW 11.96A.090(2) (Laws of 1999, ch. 42, § 302).

[8] Schluneger, 48 Wn.2d at 189-90; Bailey, 38 Wn.2d at 722; Costello, 57 Wash. at 189.

provisions of this chapter shall not supersede, but shall supplement, any otherwise applicable provisions and procedures contained in this title, including without limitation those contained in chapter . . . 11.40 . . . RCW."[9] Thus, Reed fails to identify any authority requiring the court to consider his petition as a "suit against the personal representative" in satisfaction of the requirements of RCW 11.40.100(1). The trial court properly dismissed the petition.[10]

Reed also claims that (1) dismissal was an overly harsh remedy for his failure to pay a filing fee; and (2) Schickling set her motion to dismiss on the wrong calendar and noted the hearing improperly. But Reed fails to identify any relevant authority justifying relief on these grounds under the circumstances here. We therefore do not address these arguments.[11]

## ATTORNEY FEES

Reed assigns error to the trial court's award of attorney fees to the estate and Schickling. But he merely states that the award was improper because the dismissal of his petition was improper. Because the trial court properly dismissed his petition under RCW 11.40.100(1), we need not further address this claim.

Both Reed and Schickling request an award of attorney fees on appeal under RCW 11.96A.150, which states that "the superior court or any court on an

---

[9] RCW 11.96A.080(2).

[10] See, e.g., In re Estate of Stover, 178 Wn. App. 550, 553, 315 P.3d 579 (2013) (reversing and dismissing judgment on creditor's claim where creditor failed to timely file suit in compliance with RCW 11.40.100(1)), review denied, 180 Wn.2d 1005 (2014).

[11] See Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (declining review of issues unsupported by authority or argument).

5

appeal may, in its discretion, order costs, including reasonable attorneys' fees, to be awarded to any party: (a) From any party to the proceedings." Attorney fees may be awarded "in such amount and in such manner as the court determines to be equitable."[12] This court may "consider any relevant factor, including whether a case presents novel or unique issues."[13]

Considering the trial court's award below and the merits of Reed's appeal, we exercise our discretion and award the estate and Schickling attorney fees and costs from Reed, subject to Schickling's compliance with RAP 18.1.

We affirm the order of dismissal and award reasonable attorney fees and costs to Schickling, subject to compliance with RAP 18.1.

Cox, J.

WE CONCUR:

---

[12] RCW 11.96.150(1).

[13] In re Guardianship of Lamb, 173 Wn.2d 173, 198, 265 P.3d 876 (2011).