IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Estate of<br>Betty Jean Berry, | No. 72095-3-I |
| Deceased. | DIVISION ONE |
| LULA S. SLOANS, a single person; | |
| Appellant, | |
| v. | |
| NADINE E. BERRY & ROBERT M. BERRY,<br>in their capacity as co-administrators of the<br>Estate of Betty Jean Berry; | PUBLISHED OPINION<br><br>FILED: August 10, 2015 |
| Respondents. | |

COURT OF APPEALS
STATE OF WASHINGTON
2015 AUG 10 AM 9: 35

BECKER, J. — A suit on a rejected creditor's claim must be brought as an ordinary civil action. It is a procedural mistake to bring such an action as a petition for a special proceeding under the Trust and Estate Dispute Resolution Act (TEDRA), chapter 11.96A RCW. But the mistake does not require dismissal if, as in the present case, the action is brought against the estate within the 30-day deadline for establishing a creditor's claim as provided in RCW 11.40.100.

Lula Mae Hunter executed her will on January 31, 1989. Hunter left her residence to her niece, appellant Lula S. Sloans, to use until her death or until she no longer wanted it, and thereafter to Betty Jean Berry. The will provided that the residence and its contents would become part of the residue of the

Hunter estate if neither Sloans nor Berry used it. Hunter named Sloans the residual beneficiary of the Hunter estate.

Hunter died in 1991. Her will was probated in King County Superior Court. At the time of Hunter's death, Sloans was still a minor. Sloans wanted to reserve the option to live in the residence after she completed her college education. She agreed to let Berry live in the residence in the meantime. In July 1991, the parties filed their "Agreement Regarding Residence" ("the Agreement") under the cause number for the Hunter estate, pursuant to a predecessor of TEDRA, former RCW 11.96.170 (1988). The Agreement was signed on Sloans' behalf by her mother, by Berry, and by the personal representative of the Hunter estate. It permitted Berry to occupy the residence for renewable five-year terms, provided that she paid taxes and other expenses, maintained the property in good condition, and refrained from making alterations without Sloans' consent. The Agreement stated that Berry's right to occupy the residence was personal to her and that it would terminate immediately upon her death. The personal representative of the Hunter estate recorded a quitclaim deed conveying to Sloans and Berry "the interests of each described in the Will of Lula Mae Hunter" in the Hunter residence.

On July 31, 1991, Berry took possession of the property. She possessed it continuously until her death on August 5, 2013.

Berry's estate was put into probate in King County Superior Court by her two children, Nadine and Robert Berry, as coadministrators. They listed the Hunter residence as the principal asset of the Berry estate.

On December 20, 2013, Sloans filed and served a creditor's claim with the Berry estate. The claim alleged that Berry had breached her maintenance obligations under the Agreement by failing to repair water and smoke damage to the residence and also to the extent she may have conveyed away any interest in the property. The estate rejected the claim on January 21, 2014.

On February 19, 2014, 29 days after her claim was rejected, Sloans filed a "Petition on Rejection of Creditor's Claims," attaching the Agreement. The petition named Nadine and Robert Berry as respondents in their capacity as coadministrators of the Berry estate. Sloans paid a filing fee. She filed the petition under the probate cause number for the Berry estate along with summonses to Nadine and Robert Berry. The attorney for the estate accepted service.

The objective of Sloans' petition was to initiate a judicial proceeding under TEDRA as a vehicle for litigating her creditor's claim. The petition alleged as follows:

> 2.3    TEDRA allows any party to have a judicial proceeding for the declaration of rights or legal relations with respect to any "Matter," as broadly defined by RCW 11.96A.020 & .030. The "Matters" here include, but are not limited to:
> A. Determination of the parties' rights, responsibilities, duties and liabilities arising under the TEDRA Agreement and the Deed and to provide such remedies, legal or equitable, as found appropriate;
> B. Determination of the damages due Sloans under her creditor's claims;
> C. Determination of all other questions arising in Decedent's Estate, and the Hunter Estate regarding Sloans' creditor's claims; and,
> D. Direction of the PR's as fiduciaries to pay Sloans' creditor's claims and her attorney's fees, costs and pre- and post-judgment interest on the sums owed her.

3

2.4     Venue is proper under RCW 11.96A.050 and this court has subject matter jurisdiction over the matters/claims asserted in this suit.

On February 27, 2014, Sloans filed and served another creditor's claim with the Berry estate. This second claim asserted that Berry had failed to pay property taxes for the Hunter residence as she was required to do by the Agreement. The Berrys rejected this claim on March 21, 2014. Four days later, Sloans filed an amended petition, adding the claim for unpaid property taxes.

On May 1, 2014, the estate moved to dismiss Sloans' petition under CR 12(b)(1) (lack of subject matter jurisdiction) and CR 12(b)(6) (failure to state a claim). The estate's primary theory for dismissal was that under RCW 11.40.100, a judicial proceeding under TEDRA is not an appropriate vehicle for establishing a creditor's claim. The estate asserted that a suit on a rejected creditor's claim must be brought as an ordinary civil action against the personal representative, separate from probate proceedings, and Sloans had failed to bring such an action within the 30-day time bar.[1] Sloans responded and requested mediation under TEDRA. See RCW 11.96A.300.

A court commissioner denied Sloans' request for mediation, dismissed her suit with prejudice, and ordered her to pay the estate $3,598 in fees under RCW 11.96A.150. Sloans appeals.

---

[1] The Estate also asserted that even if a creditor's claim can be litigated as a TEDRA matter, the petition had to be dismissed because Sloans improperly filed it under the Berry estate cause number. A TEDRA proceeding may not be filed in an existing probate, trust, or guardianship case, but must be commenced as a new and separate action. RCW 11.96A.090(2), effective July 28, 2013.

The first issue is whether a suit on a rejected creditor's claim may be brought as a TEDRA petition. This issue involves statutory interpretation, a question of law reviewed de novo. HomeStreet, Inc. v. Dep't of Revenue, 166 Wn.2d 444, 451, 210 P.3d 297 (2009).

Chapter 11.40 RCW, "Claims Against Estate," regulates how creditor's claims are to be presented to an estate and how they are to be either accepted or rejected. A claimant "must bring suit in the proper court against the personal representative within thirty days after notification of rejection or the claim will be forever barred." RCW 11.40.100(1). Bringing a suit on a rejected creditor's claim in the proper court means bringing "an ordinary civil action" that "is not a part of the probate proceedings." Schluneger v. Seattle-First Nat'l Bank, 48 Wn.2d 188, 189-90, 292 P.2d 203 (1956); see also City of Spokane v. Costello, 57 Wash. 183, 106 P. 764 (1910).

TEDRA states that its provisions "shall not supersede, but shall supplement, any otherwise applicable provisions and procedures contained in this title," including those contained in chapter 11.40 RCW. RCW 11.96A.080(2); see In re Estate of Kordon, 157 Wn.2d 206, 212, 137 P.3d 16 (2006). Sloans contends this provision shows that the creditor claim statute and TEDRA are to be read together so that a creditor's claim may be established either in a TEDRA proceeding or in an ordinary civil action, at the claimant's option. Sloans also relies on the TEDRA definition of "matter," RCW 11.96A.030(2)(a). The definition

5

of "matter" is broad in scope and "is intended to encompass matters traditionally within the exclusive province of the courts."[2]

TEDRA was intended to, and does, provide flexibility to the court in resolving simple estate and trust matters expeditiously.[3] TEDRA has its own provisions for mediation and arbitration. RCW 11.96A.310. The provisions of chapter 7.06 RCW do not apply. RCW 11.96A.100(6). Testimony may be by affidavit. RCW 11.96A.100(7). The initial hearing may be a hearing on the merits to resolve all issues of fact and all issues of law. RCW 11.96A.100(8). An ordinary civil action, by contrast, is governed by the civil rules. There may be a lengthy case schedule even for a simple action. Parties may have the right to a jury trial.

It is understandable why Sloans might prefer to proceed under TEDRA. But the plain language of TEDRA does not permit a creditor claim lawsuit to be commenced as a petition for a "judicial proceeding" under TEDRA.

TEDRA allows any "party" to "have a judicial proceeding for the declaration of rights or legal relations with respect to any matter." RCW 11.96A.080. TEDRA includes "a creditor" within its definition of a "party." RCW 11.96A.030(5)(h). Sloans asserts that she is a creditor of the estate and

---

[2] REAL PROPERTY, PROBATE & TRUST SECTION, WASH. STATE BAR ASS'N COMMENTS TO THE TRUST AND ESTATE DISPUTE RESOLUTION ACT 1 (Jan. 28, 1999), *available at* www.wsbarppt.com/uploads/tedra99.pdf. See "TEDRA § 104(1)" – "Matter," now RCW 11.96A.030(2). The Bar Association comments are included in the legislative history file for S.B. 5196, 56th Leg., Reg. Sess. (Wash. 1999), Senate Committee on Judiciary, Legislative Records, on file with Wash. State Archives, 01-A-323 box 1. We cited the Bar Association comments in support of our interpretation of the term "matter" in In re Estate of Bernard, 182 Wn. App. 692, 722 n.74, 332 P.3d 480 (2014).

[3] See id., Bar Ass'n comments, "TEDRA § 103" – "Powers of the Court," now RCW 11.96A.020; "TEDRA § 303" – "Procedural rules," now RCW 11.96A.100.

therefore a party entitled under RCW 11.96A.080 to petition the court for a declaration of her rights relating to the creditor claim.

Regardless of the TEDRA definition of "matter," Sloans' argument fails because she does not fit the TEDRA definition of "party." Sloans is as yet only a claimant, not a creditor. The estate has rejected her claims. To become a creditor, a claimant must proceed under RCW 11.40.100 to obtain a judgment establishing the claim. It is only after a judgment in a civil action establishes the amount of an allowed claim that the claim becomes subject to rules of estate administration. RCW 11.40.120; Bailey v. Schramm, 38 Wn.2d 719, 722, 231 P.2d 333 (1951). As a mere claimant, Sloans is not a proper party to a judicial proceeding under RCW 11.96A.080. She should have brought her creditor claim suit as an ordinary civil action.

This conclusion leads us to the second issue: whether a suit on a rejected creditor's claim must be dismissed if it is erroneously brought as a TEDRA petition. The estate argues that the order of dismissal with prejudice should be affirmed under Estate of Kordon, 157 Wn.2d 206. In that case, the appellant filed a will contest petition in an existing probate case but did not serve a timely citation upon the executor as required by the will contest statute. RCW 11.24.020. A citation is equivalent to a civil summons. Estate of Kordon, 157 Wn.2d at 210. The appellant argued that citations were not necessary because the will contest had been commenced as an action incidental to the existing probate proceedings as allowed by RCW 11.24.020. This provision states that when a TEDRA proceeding is commenced as an action incidental to an existing

probate, the requirement of a summons is unnecessary with respect to existing parties.[4]

The Supreme Court rejected the argument and affirmed the trial court's decision to dismiss the case for lack of personal jurisdiction. The court held that the citation requirement of RCW 11.24.020 remains in effect as the necessary means of conferring upon the court personal jurisdiction over the executor. Estate of Kordon, 157 Wn.2d at 210. Under RCW 11.96A.080(2), TEDRA "shall not supersede" otherwise applicable provisions in Title 11. "TEDRA cannot eliminate that requirement [of serving a citation] without superseding RCW 11.24.020." Estate of Kordon, 157 Wn.2d at 212.

In Estate of Kordon, the appellant belatedly issued citations more than two years after filing the will contest petition. The court held that dismissal was required because of the four-month statute of limitations for a will contest imposed by RCW 11.24.010. See Estate of Kordon, 157 Wn.2d at 213-14. Here, the Berry estate contends that filing a creditor claim suit as a TEDRA petition rather than as an ordinary civil action is similarly a fatal error requiring dismissal.

---

[4] A summons must be served in accordance with this chapter and, where not inconsistent with these rules, the procedural rules of court, however, if the proceeding is commenced as an action incidental to an existing judicial proceeding relating to the same trust or estate or nonprobate asset, notice must be provided by summons only with respect to those parties who were not already parties to the existing judicial proceedings. RCW 11.96A.100(2).

This case is similar to Estate of Kordon in that the requirement to use an ordinary civil action to establish a creditor claim remains unaltered by TEDRA; it cannot be eliminated without superseding RCW 11.40.100. See RCW 11.96A.080(2). But unlike in Estate of Kordon, service of Sloans' creditor claim action was timely. The Berry estate does not contend that service was ineffective or that the court lacked personal jurisdiction.

To support its theory that dismissal was proper under CR 12(b)(1), the estate contends that the probate court lacked subject matter jurisdiction because the creditor claim action was inappropriately filed under a probate cause number. This argument fails. A tribunal lacks subject matter jurisdiction only when it attempts to decide "a type of controversy over which it has no authority to adjudicate." Marley v. Dep't of Labor & Indus., 125 Wn.2d 533, 539, 886 P.2d 189 (1994). The broad original jurisdiction vested in the superior court by article IV, section 6 of the Washington Constitution includes the authority to decide a suit on a rejected creditor's claim. A superior court acting in probate is the same court when it hears an ordinary civil action. The requirement to file a creditor claim suit as an action separate from a probate proceeding is procedural, not jurisdictional. Procedural requirements must not be elevated to the level of jurisdictional imperative. Dougherty v. Dep't of Labor & Indus., 150 Wn.2d 310, 315, 319, 76 P.3d 1183 (2003). CR 12(b)(1) was not an appropriate basis for the dismissal.

The estate also contends that dismissal with prejudice was required under CR 12(b)(6) (failure to state a claim) because Sloans did not file suit within the

9

30-day limitation period. Under RCW 11.40.100(1), failure to bring suit in the proper court against the personal representative within 30 days of rejection means the claim will be "forever barred."

CR 12(b)(6) can be an appropriate basis for dismissal of a claim filed after the applicable statute of limitations has expired. Atchison v. Great W. Malting Co., 161 Wn.2d 372, 166 P.3d 662 (2007). But Sloans did not miss the 30-day statute of limitations. She filed the petition on her first creditor's claim 29 days after the estate rejected it. She filed the amended petition on her second creditor's claim four days after the estate rejected it.

It is an improper elevation of form over substance to dismiss a creditor's suit as untimely simply because it was filed in an existing probate proceeding rather than as a separate civil action. McWhorter v. Bush, 7 Wn. App. 831, 832, 502 P.2d 1224 (1972). Under McWhorter, the important inquiry is whether substantial rights have been protected. Error in the form of action by which suit is brought on a creditor claim is harmless as long as the personal representative is sued in superior court within 30 days of rejection:

> RCW 11.40.060 [now RCW 11.40.100] requires that suits upon rejected claims be brought "in the proper court" within 30 days of notice of rejection. The "proper court" in this instance is the superior court; this probate and the actions on the rejected claims were filed in the superior court. To commence such actions, plaintiffs should have filed separate civil actions and paid the required filing fees. Rutter v. Rutter, 59 Wn.2d 781, 784, 370 P.2d 862 (1962); Schluneger v. Seattle First-Nat'l Bank, 48 Wn.2d 188, 190, 292 P.2d 203 (1956). Plaintiffs complied with this statute by filing their actions within the 30-day period. Defendant received proper notice thereof and had an opportunity to, and did, defend. Defendant's substantial rights, therefore, have been completely protected. The validity of the procedure should not depend upon the mere observance of form, but rather upon whether substantial

> rights have been protected. See Purnell v. Simonyi, 51 Del. 139, 140 A.2d 256, 258 (1958); Lindsay Great Falls Co. v. McKinney Motor Co., 79 Mont. 136, 255 P. 25 (1927); 1 C.J.S. Actions § 123 at 1386, note 46 (1936). Here, the fact that the superior court clerk has one series of numbers for probate matters and another series for regular civil actions does not mean that the case was not filed in the superior court. Probate proceedings are properly within the jurisdiction of the superior court. We find any error resulting from this failure to file separate actions was harmless; defendant was not prejudiced.

McWhorter, 7 Wn. App. at 832-33 (footnote omitted).

Following McWhorter, we conclude it was error to grant the estate's motion to dismiss. Properly characterized, what Sloans commenced in superior court was an action on a rejected creditor's claim. She filed it within the 30-day statute of limitations. She paid the filing fee. The Berry estate received proper notice. The superior court was the proper court. On remand, the petition should be treated as an ordinary civil action. As such, it can be moved to a civil calendar.

Below, the commissioner awarded attorney fees to the estate. Because we are reversing the trial court's order of dismissal, we also reverse the award of attorney fees. We briefly address an issue that may arise on remand. Sloans argues that attorney fees may not be awarded under RCW 11.96A.150 in a case where novel questions of statutory construction are at issue. Her argument is a misreading of In re Estate of Stover, 178 Wn. App. 550, 564, 315 P.3d 579 (2013), review denied, 180 Wn.2d 1005 (2014). Whether a case involves novel or unique questions is a factor that a court may deem relevant in its consideration of a request for attorney fees under RCW 11.96A.150, and in Stover, we did

11

deem it relevant. But we did not hold that it is always dispositive or even always relevant.

RCW 11.96A.150 grants broad discretion to courts to award attorney fees "in such manner as the court determines to be equitable" in "all proceedings governed by this title," i.e. under Title 11. The authority granted by RCW 11.96A.150 to award attorney fees is not limited to actions initiated under chapter 11.96A RCW. See, e.g., Villegas v. McBride, 112 Wn. App. 689, 697, 50 P.3d 678 (2002), review denied, 149 Wn.2d 1005 (2003); Laue v. Estate of Elder, 106 Wn. App. 699, 712-13, 25 P.3d 1032 (2001), review denied, 145 Wn.2d 1036 (2002).

On remand, the court retains the discretion to decide if an award to either party under RCW 11.96A.150 is equitable. The court may consider any party's request for attorney fees in light of "any and all factors that it deems to be relevant and appropriate." RCW 11.96A.150(1).

Reversed and remanded.

Becker, J.

WE CONCUR:

Appelwick, J.

Cox, J.

12