IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the<br><br>VINCENT E. HALVERSON Trust of April 2, 1991, the VIRGINIA SUE HALVERSON Irrevocable Life Insurance Trust, and the Virginia S. Halverson 2018 Irrevocable Trust.<br><br>SCOTT HALVERSON,<br><br>                Petitioner,<br><br>     v.<br><br>DENNIS WHITE, as Trustee of the Vincent E. Halverson Trust of April 2, 1991, as Trustee the Virginia Sue Halverson Irrevocable Life Insurance Trust, and as Trustee of the Virginia S. Halverson 2018 Irrevocable Trust,<br><br>                Respondent. | No. 83968-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

COBURN, J. — Scott Halverson challenges a trial court order requiring him to pay more than $130,000 in attorney fees in connection with the dismissal of a petition he filed under the Trust and Estate Dispute Resolution Act (TEDRA), chapter 11.96A RCW. Halverson claims the trial court awarded an exorbitant amount of fees and its findings are inadequate to support the award. Because

Citations and pin cites are based on the Westlaw online version of the cited material

the trial court has broad discretion in determining the amount of attorney fees to be awarded and the court's findings articulate tenable bases for the amount of the award, we affirm.

## BACKGROUND

This proceeding concerns three trusts: the Vincent E. Halverson Trust of April 2, 1991 (the VEH Trust), the Virginia Sue Halverson Irrevocable Life Insurance Trust (the ILIT Trust) and the Virginia S. Halverson 2018 Irrevocable trust (the 2018 Trust). Each trust is registered in Alaska. Virginia Sue Halverson is the settlor of two of the trusts and the sole lifetime beneficiary of the VEH Trust. Scott Halverson, one of Virgina's three sons, is a contingent remainder beneficiary of the trusts and an Alaska resident.[1] Dennis Wright, a former business associate of Halverson's deceased father, is the Trustee of all three trusts.

Each trust is registered in Alaska. Since at least 2005, the Trustee has prepared, and Alaska courts have approved, the Trustee's annual accounting reports. Neither Halverson, nor any other interested parties, objected to any prior annual reports. However, in January 2021, Halverson filed objections to the "Accounting and Petition" filed by the Trustee in the superior court of Alaska, Third Judicial District in Anchorage, objecting to the reporting documents filed by the Trustee, and alleging that the Trustee failed to disclose relevant financial information.

---

[1] Because Virginia and Scott Halverson share the same last name, we refer to Halverson's mother by her first name for clarity.

Approximately two weeks later, on February 16, 2021, Halverson filed a TEDRA petition in Snohomish County Superior Court naming the Trustee as the respondent. Halverson sought to "[c]ompel an [a]ccounting," citing concerns about potential conflicts of interest primarily related to the Trustee's involvement in entities in which the VEH Trust has ownership interests, and alleged loans made by the trusts. Halverson also requested a court order directing the Trustee to refrain from self-dealing and authorizing discovery.[2]

The Trustee answered the petition and raised defenses, including the failure to serve all interested parties, lack of jurisdiction, res judicata, and the statute of limitations.[3] The Trustee asserted a counterclaim for attorney fees and costs under TEDRA's attorney fee provision, RCW 11.96A.150.

The Trustee then filed a motion to decline jurisdiction, arguing that Alaska courts had exclusive subject matter jurisdiction over the trusts based on their historic and ongoing administration of the trusts. Halverson opposed the motion, arguing that the Snohomish County Superior Court had personal jurisdiction over the Trustee, a Washington resident, and that his TEDRA petition was directed at the Trustee, not the trusts themselves. The trial court denied the motion. A different trial court judge then entered an order on Halverson's motion for an initial hearing, providing that 1) jurisdictional issues were resolved by the denial of the motion to decline jurisdiction, 2) the parties could engage in discovery

---

[2] The copy of Halverson's petition designated for review is significantly redacted. And although it appears that Halverson attached copies of the trust documents to the petition as exhibits 1-3, and incorporated those exhibits as part of the pleadings, the exhibits are entirely redacted. [

[3] Virginia and both of Halverson's siblings joined in the Trustee's response.

under RCW 11.96A.115[4] in accordance with the state and local civil rules, and 3) all substantive issues were reserved for trial.

Halverson served the Trustee with an initial discovery request, comprised of 108 requests for the production of documents. Halverson sought, among other things, documents related to all loans made by the trusts in the previous two decades; tax returns for each trust since the date each trust was established; financial statements and annual reports of several business entities in which the VEH Trust has ownership interests; documents related to the Trustee's compensation and employment; and documents related to lease agreements involving the trusts and business entities related to the trusts. The Trustee responded and objected to the scope of Halverson's requests.

In the midst of the parties' discovery dispute, on October 4, 2021, the Trustee filed a motion for judgment on the pleadings under CR 12(c) (allowing motion for dismissal on the pleadings after answer has been filed). Specifically, the Trustee argued that the court was required to dismiss the Washington proceeding based on choice of law provisions and express language in two of the trusts providing that the Trustee will not be required "to account" in any court outside the State of Alaska. The Trustee also argued that the petition failed to state a claim for self-dealing. Halverson asserted in response that he sought disclosures directly to a beneficiary, not an accounting to the court under RCW

---

[4] In matters governed by TEDRA, there is a right to discovery under RCW 11.96A.155 if a judicial proceeding has been filed placing one or more specific issues in controversy.

11.106.040 (allowing settlor or beneficiary to file, in county where trustee resides, a petition to direct trustee to file an account in court).

The next day, Halverson served notice of the Trustee's deposition, and demanding the production of 138 categories of records, including all the records sought in his initial discovery request. The same day, Halverson's counsel sent a letter to opposing counsel requesting that the parties meet and confer to address objections to Halverson's discovery requests.

The parties agreed to postpone litigation of their discovery disputes until after the court ruled on the CR 12(c) motion. The court granted the motion on November 9, 2021, and dismissed Halverson's petition with prejudice.

On December 22, 2021, the Trustee filed a motion for an award of attorney fees and costs under RCW 11.96A.150. As of November 2021, the Trustee had incurred $375,551.62 in legal fees and costs. The Trustee sought to recover a portion of those fees, $260,561.53, excluding from its request fees incurred in connection with the unsuccessful motion to decline jurisdiction, tasks related to the Alaska litigation, and the motion for attorney fees. Halverson opposed the motion, arguing it would be inequitable to award fees because he brought the Washington petition in good faith and for the benefit of the trusts and because the Trustee prevailed on a procedural motion, not on the merits. Halverson further asserted that the fees incurred by the Trustee were "grossly disproportionate to the needs of the proceeding."

The court granted the motion, and in a seven-page order, entered findings of fact and conclusions of law to support its decision. As to whether the Trustee

was entitled to fees, the court noted that Halverson initiated the proceeding on his own behalf, not on behalf of the other beneficiaries. The court found that the Trustee's efforts to resolve the litigation in Washington benefited the trusts by avoiding "further expenditure of attorney's fees and costs in a duplicative forum." And although fees under TEDRA are not limited to prevailing parties, the court also found that the Trustee prevailed.[5]

The court examined the billing records of each of the four attorneys who worked on the case and found that, as to three of the attorneys, the records included duplicative charges and/or excessive amounts of time billed for particular tasks. The court therefore reduced the amount of fees attributable to the work of those attorneys, and awarded a total of $131,840.50 in attorney fees, slightly more than 50 percent of the amount the Trustee requested. The court also awarded $6,055.62 in costs.

Halverson appeals.

DISCUSSION

Halverson does not challenge the trial court's decision to award fees to the Trustee. He challenges only the amount of fees and the sufficiency of the trial court's findings supporting the award.

A court considers equitable factors when awarding attorney fees under TEDRA. Specifically, RCW 11.96A.150(1) provides:

> Either the superior court or any court on an appeal, may in its
> discretion, order costs, including reasonable attorneys' fees, to be

---

[5] The court also rejected Halverson's argument that the Trustee's motion for fees was untimely, concluding that CR 54(d)(2)'s requirement that a motion for attorney fees must be brought within 10 days did not apply because the Trustee sought fees under an unadjudicated counterclaim.

6

awarded to any party: (a) From any party to the proceedings; (b) from the assets of the estate or trust involved in the proceedings; or (c) from any nonprobate asset that is the subject of the proceedings. The court may order the costs, including reasonable attorneys' fees, <u>to be paid in such amount and in such manner as the court determines to be equitable.</u> In exercising its discretion under this section, the court <u>may consider any and all factors that it deems to be relevant and appropriate,</u> which factors may but need not include whether the litigation benefits the estate or trust involved.

(Emphasis added.) "Where the primary considerations for the fee award are equitable, courts are not required to apply the lodestar method to determine an award of fees." <u>In re Guardianship of Decker</u>, 188 Wn. App. 429, 447, 353 P.3d 669 (2015). However, the court must still enter findings of fact and conclusions of law to support its fee award. <u>In re Joanne K. Blankenship Survivor's Trust</u>, 18 Wn. App. 2d 686, 705, 493 P.3d 751 (2021). The findings must be sufficient to permit this court to determine why the trial court awarded the amount in question. <u>SentinelC3, Inc. v. Hunt</u>, 181 Wn.2d 127, 144, 331 P.3d 40 (2014). They must show that the court "actively and independently confronted the question of what was a reasonable fee," including consideration of objections, resolution of disputed factual issues, and an explanation of the court's analysis. <u>Berryman v. Metcalf</u>, 177 Wn. App. 644, 658, 312 P.3d 745 (2013).

We review the reasonableness of an attorney fee award for an abuse of discretion. <u>White v. Clark County</u>, 188 Wn. App. 622, 638, 354 P.3d 38 (2015). "A trial court abuses its discretion regarding the amount of attorney fees when its decision is manifestly unreasonable" or based on untenable grounds or reasons. <u>Id.</u> at 638-39.

7

Halverson claims that the award of $131,840.50 in attorney fees is "manifestly unreasonable" because the matter was capable of resolution, and was, in fact, resolved, on the pleadings based on the underlying trust provisions. Halverson suggests that the case could have been litigated differently, and more economically. And he asserts that the court's attorney fee award "condones" the Trustee's indefensible decision to oppose a "simple request for an accounting" and the disclosure of information to which he is entitled. But it has yet to be determined whether Halverson is entitled to any or all of the information he seeks. And even if it now appears, in hindsight, that the litigation could have been resolved earlier, it does not follow that it was inequitable to compensate the Trustee for the costs and fees incurred in responding to the petition, responding to Halverson's discovery requests, and preparing to litigate the discovery and substantive issues, in the event that the trial court denied the motion for dismissal on the pleadings.

Because review of an attorney fee award is highly fact-specific and the reasonableness of such an award depends entirely on the circumstances of the case, Halverson's reliance on the amount of fees determined to be reasonable in other matters is not persuasive. Schmidt v. Cornerstone Inv., Inc., 115 Wn.2d 148, 169, 795 P.2d 1143 (1990) (review of award of attorney fees is a fact-specific inquiry and reasonableness of fees is tied to the circumstances of each case). For example, they cite Scott Fetzer Co. v. Weeks, 122 Wn.2d 141, 859 P.2d 1210 (1993), which was decided 30 years ago. For that reason, it is not helpful to compare the costs of the legal services provided in that case to those

here. Moreover, the fees awarded in that case were unreasonable largely because "a total of 481.89 hours—the equivalent of almost 3 months of uninterrupted legal work by one attorney—was awarded, with no examination of the actual reasonableness of these hours." Id. at 152. Here, on the other hand, the trial court engaged in an independent and well documented examination of the reasonableness of the hours expended by each attorney.[6]

Halverson claims the trial court's findings are insufficient to support the fee award because they fail to reflect that the trial court (1) considered the novelty or complexity of the case, (2) took an "active role" in reviewing the billing records, (3) scrutinized "block billing" entries that failed to specifically identify time performed on discrete tasks, or (4) excluded fees related to "irrelevant" or unnecessary work.

First, while courts "may" consider whether the case presented novel or unique issues, in addition to other equitable factors, when deciding whether to award attorney fees under TEDRA, no particular factor is mandatory or dispositive. In re the Estate of Berry, 189 Wn. App. 368, 379, 358 P.3d 426 (2015). And nothing in RCW 11.96A.150 requires an express finding as to complexity or novelty. Second, Halverson argued below that the Trustee was not entitled to fees and that the amount of fees sought was excessive. While he now claims that certain billing entries are vague and/or unrelated to necessary tasks,

---

[6] For the same reasons, Halverson's reliance on unpublished authority affirming a fee award of approximately $110,000 for legal representation at least 20 years ago in a proceeding characterized as complex fails to assist us in determining whether the attorney fees awarded here were reasonable. See Meyers v. City of Cheney, noted at 132 Wn. App. 1061 (2006).

Halverson did not raise these—or any other—specific objections below.  We generally do not consider arguments raised for the first time on appeal.  See RAP 2.5(a); Kave v. McIntosh Ridge Primary Rd. Ass'n, 198 Wn. App. 812, 823, 394 P.3d 446 (2017).  Third, although Halverson appears to contend that only fees incurred in connection with the dispositive CR 12(c) motion were awardable, no authority supports this position.  And again, it was not strategically unreasonable to prepare for litigation while simultaneously seeking dismissal.  Consequently, it was not manifestly unreasonable for the trial court to include in its award fees for services beyond those incurred in preparing the CR 12(c) motion.  Finally, and most importantly, the court's findings reveal that it carefully reviewed the billing records for each attorney and exercised judgment about whether the fees for legal services requested by the Trustee were reasonable and necessary.

Specifically, the court found, as to each attorney, that the hourly rate was reasonable given each attorney's experience and the prevailing market rates in the greater Seattle area.  The court's order provides that the lead attorney billed 270.4 hours over a 10-month period, which resulted in $171,704 in fees.  After reviewing the billing statements that detailed the attorney's time, the court determined that it was appropriate to award fees for approximately 50 percent of the hours billed:

> The Court has reviewed [the lead attorney's] invoices and found the work performed contained several repetitive charges and an excessive number of hours for the same work, in particular relating to the Motion for a Protective Order, but for other work as well. Considering the entirety of the bill, the Court finds it is just and equitable to reduce the award for [the] attorney's fees to the sum of $90,000.

Likewise, after reviewing the billing records of a senior attorney, the court determined that the invoices included duplicative entries and an excessive number of hours for some tasks. The court awarded $20,000 (approximately 30 percent of the $70.735.50 in fees requested) for that attorney's work. And the court determined that the associate attorney's invoices included "repetitive charges" and an "excessive" number of hours for some work. While the law firm applied courtesy discounts with respect to some of the work, the court determined the fees were "still excessive" and awarded $5,000 (approximately 25 percent of the $18,810 requested). In contrast, after reviewing another senior attorney's invoices, the court "found the work performed and items billed in connection with this matter was reasonable in scope, appropriate in light of the case strategy, and did not contain excessive or repetitive charges." Therefore, the court concluded the Trustee was entitled to recoup all of the fees requested, $16,840.50, for that attorney's work.

These findings demonstrate that the court actively and independently determined the reasonableness of the fees requested by the Trustee and appropriately discounted the Trustee's requested award due to duplicative charges and excessive hours. Under the general terms of RCW 11.96A.150, the trial court acted well within its discretion in calculating the amount of the attorney fee award.

### Attorney Fees on Appeal

The Trustee requests attorney fees on appeal under RCW 11.96A.150 and RAP 18.1. RAP 18.1 allows us to award reasonable attorney

fees or expenses "[i]f applicable law grants to a party the right to recover" such attorney fees or expenses. And under RCW 11.96A.150, quoted above, we may exercise discretion to award reasonable attorney fees, in consideration of any factors that we deem relevant and appropriate. The Trustee has prevailed on appeal. Considering the merits of the appeal and other equitable factors, we exercise our discretion to award fees to the Trustee, in an amount to be determined by a commissioner of this court, upon compliance with RAP 18.1.

Affirmed.

_____
Coburn, J.

WE CONCUR:

_____          _____
Díaz, J.                                          Bowman, J.