# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Estate of:<br><br>LILLIAN JUNE DUST,<br><br>Deceased. | No. 55870-0-II<br><br>UNPUBLISHED OPINION |

PRICE, J. — Frederick Dust Jr. (Frederick Jr.)[1] was appointed as personal representative for probate of his mother's will. Frederick Dust Sr. (Frederick Sr.) sought to challenge that will by filing a cross petition to admit a prior will. The superior court dismissed the cross petition with prejudice. Frederick Sr. appeals, arguing that he properly filed and served his cross petition and that the superior court erred by awarding attorney fees to Frederick Jr.

We hold that Frederick Sr. did not comply with the requirement that his petition be filed as a new action. Therefore, it was not error for the superior court to dismiss Frederick Sr.'s cross petition. However, we hold that the superior court erred by assessing attorney fees against Frederick Sr. under RCW 11.24.050. Accordingly, we affirm the superior court's order in part, reverse in part, and remand for further proceedings consistent with our opinion.

---

[1] Appellant and Respondent are father and son with the same name, and they both share a last name with the decedent. We refer to the parties by their first names with suffixes for clarity. No disrespect is intended.

FACTS

Lillian Dust passed away on January 21, 2020. Later that day, the superior court admitted to probate a will she executed in 2019. The superior court also appointed her son, Frederick Jr., as personal representative pursuant to the 2019 will.

Frederick Sr. is Lillian Dust's ex-husband and Frederick Jr.'s father. On April 1, 2020, Frederick Sr. filed a cross petition under the existing probate cause number to contest the 2019 will, seeking to admit an earlier 2016 will. The cross petition has an electronic stamp at the top that says, "RCVD $240 AXW," suggesting that a filing fee may have been paid.

Fredrick Sr. sent his cross petition by mail to Frederick Jr.'s attorney and to all devisees listed for the existing probate proceeding. Frederick Jr.'s attorney filed an acceptance of service of the cross petition that expressly did not waive "any procedural or substantive objections or arguments" pertaining to the petition, other than for its service. Clerk's Papers (CP) at 74. Frederick Sr. did not serve any person with a summons.

In July 2020, Frederick Jr. filed a motion to dismiss the cross petition. Frederick Jr. argued that Frederick Sr. failed to file his will contest as a separate action as required by the Trust and Estate Dispute Resolution Act (TEDRA), chapter 11.96A RCW, and, further, that he failed to serve a summons with his cross petition.

Frederick Jr.'s motion also sought reasonable attorney fees and costs pursuant to RCW 11.24.050 and RCW 11.96A.150. Frederick Sr.'s response argued that it was premature to address fees at that early stage in the case and that an additional hearing would be required to determine whether he brought his cross petition in good faith under RCW 11.24.050. At the hearing on the motion to dismiss, neither party addressed whether it was premature to consider attorney fees under

RCW 11.24.050 during their oral arguments. The superior court did not inquire about attorney fees, the statutory requirements, or suggest that it needed more information from the parties on the underlying substance of the cross petition to decide whether to award fees.

By written ruling months after the oral argument, the superior court granted Frederick Jr.'s motion to dismiss with prejudice. After reviewing TEDRA's legislative history, the superior court determined that TEDRA requires that a will contest be filed as a new action separate from an existing probate proceeding and Frederick Sr. failed to do so. The superior court also concluded that, under these circumstances, a summons was required to be served and that Frederick Sr. failed to do this as well.

The superior court then awarded fees to Frederick Jr. under RCW 11.24.050, explaining that it was unable to conclude that Frederick Sr. acted in good faith or with probable cause on the limited facts it had before it.[2] Although Frederick Sr.'s cross petition claimed that Lillian Dust lacked capacity and was subject to undue influence in executing the 2019 will, the superior court cited the absence of any affidavits to support these claims. Several days after the superior court issued its written ruling, Frederick Sr. submitted a declaration purporting to support his claims. But the record does not show that this information was raised to the superior court for its consideration.

Frederick Sr. appeals the superior court's order dismissing his cross petition and awarding fees to Frederick Jr.

---

[2] The superior court did not award fees to Frederick Jr. under RCW 11.96A.150 because the court concluded that Frederick Sr. "did not file a TEDRA petition[, so] the court cannot award attorney fees and costs under this latter statute." CP at 229. Frederick Jr. brought a motion for reconsideration of this decision, but the record does not show that the motion has been decided.

ANALYSIS

I. LEGAL PRINCIPLES

Will contest actions are special statutory proceedings generally governed by chapter 11.24 RCW. *In re Estate of Jepsen*, 184 Wn.2d 376, 380, 358 P.3d 403 (2015). A person contesting a will must file a petition within four months of the will's admission to probate. RCW 11.24.010. The petitioner is then required to personally serve the personal representative within 90 days after the petition is filed. RCW 11.24.010. A will contestant must satisfy RCW 11.24.010's requirements to commence a will contest action, and Washington courts strictly enforce the requirements. *Jepsen*, 184 Wn.2d at 381.

Chapter 11.24 RCW is supplemented, but not superseded, by TEDRA. RCW 11.96A.080(2). TEDRA provides, "[a] judicial proceeding under this title must be commenced as a new action." RCW 11.96A.090(2). "Once commenced, the action may be consolidated with an existing proceeding." RCW 11.96A.090(3). The petitioner is also required to provide notice and, under certain circumstances, serve a summons.[3] RCW 11.24.020; RCW 11.96A.100(2).

We review a superior court's ruling on a motion to dismiss de novo. *Becker v. Cmty. Health Sys., Inc.*, 184 Wn.2d 252, 257, 359 P.3d 746 (2015). We may affirm the superior court's

---

[3] RCW 11.96A.100(2) provides:

> A summons must be served in accordance with this chapter and, where not inconsistent with these rules, the procedural rules of court, however, if the proceeding is commenced as an action incidental to an existing judicial proceeding relating to the same trust or estate or nonprobate asset, notice must be provided by summons only with respect to those parties who were not already parties to the existing judicial proceedings.

ruling on any ground supported by the record. *LaMon v. Butler*, 112 Wn.2d 193, 200-01, 770 P.2d 1027 (1989).

II. TEDRA'S "NEW ACTION" REQUIREMENT

Frederick Sr. argues that the superior court erred when it concluded that he failed to properly challenge the probate proceeding. Although Frederick Sr. concedes that a will contest must be filed as a new action under TEDRA, he appears to argue that the new action requirement is unclear and he met this requirement because he paid a new filing fee. Frederick Jr. responds by agreeing that a will contest must be initiated as a new action, but argues that Frederick Sr. failed to do so here because the cross petition was filed within the underlying probate proceeding, not as a separate action. We hold that Frederick Sr. did not comply with TEDRA's requirement that a will contest be initiated as a new action when he filed his cross petition under the same cause number as the existing probate proceeding.

TEDRA directs that a will challenge can be initiated only through a new action. The applicable provision, RCW 11.96A.090(2), previously provided for a judicial proceeding under TEDRA to be initiated in one of two ways: (1) "as a new action" or (2) "as an action incidental to an existing judicial proceeding relating to the same . . . estate." Former RCW 11.96A.090(2) (1999). But in 2013, this subsection was amended, and the language "action incidental to an existing judicial proceeding" was removed by the legislature. LAWS OF 2013, ch. 246, § 2. As a result, "[a] TEDRA proceeding may not be filed in an existing probate, trust, or guardianship case, but must be commenced as a new and separate action." *In re Estate of Berry*, 189 Wn. App. 368, 373 n.1, 358 P.3d 426 (2015).

Frederick Sr. argues that even though he filed his cross petition in the same cause number as the underlying probate proceeding, he satisfied the requirement for a new action because he paid a filing fee. He claims that there are no reported cases holding that the new action requirement was not met when a filing fee was paid. He also argues that assignment of a new cause number by the clerk is an administrative function that is "mist shrouded" and not "essential to superior court jurisdiction." Appellant's Brief at 24-25.

Frederick Sr.'s arguments are without merit. It is undisputed that he filed his cross petition in the existing probate case. Frederick Sr.'s attempts to minimize the role of a new cause number in delineating a new action are unpersuasive. Far from being a mist shrouded administrative mystery assigned by the clerk, the cause number identifies the case file. The fact that Frederick Sr. decided to file his cross petition under the same probate cause number is dispositive that he did not file a new action, regardless of paying a new filing fee. *See generally* RCW 36.18.020 (authorizing county clerks to collect additional filing fees for counterclaims and cross claims filed in existing cases). Given the plain language of RCW 11.96A.090(2), Frederick Sr.'s filing of a cross petition under the same cause number as the existing probate proceeding did not comply with TEDRA's requirements for commencing a new action.

Moreover, the label of Frederick Sr.'s petition itself indicates his intent to not initiate a new action. He titled the petition a "cross petition" to admit the 2016 will to probate. CP at 58. The nomenclature of "cross petition" would be unusual in the context of a new and separate action.

TEDRA's requirement that a will contest be brought as a new action provides an avenue for individuals who are not parties to an existing probate proceeding to challenge a will that the court has already admitted. *See In re Estate of Black*, 116 Wn. App. 492, 499, 66 P.3d 678, *review*

*granted*, 150 Wn.2d 1018, 81 P.3d 119 (2003) (a new action "makes it possible for parties other than those already appearing in the 'existing judicial proceeding' to contest the will"). Here, Frederick Sr. was not a party to the underlying probate proceeding and, therefore, was arguably not entitled to participate absent intervention explicitly permitted by the probate court. The TEDRA requirement for Frederick Sr. to file a new action and then seek consolidation in the probate proceeding ensures that his challenge is made with full notice to other beneficiaries and is consistent with the statutory mechanisms through which the court obtains jurisdiction over parties. *See* RCW 11.96A.090(2) and (3), RCW 11.96A.100(2).

Frederick Sr. did not comply with TEDRA's new action requirement when he filed his cross petition in the underlying probate proceeding. Therefore, the superior court did not err when it dismissed his cross petition.[4]

III. ATTORNEY FEES

A. ATTORNEY FEES IN THE SUPERIOR COURT

Frederick Sr. argues that the superior court erred by awarding attorney fees to Frederick Jr. pursuant to RCW 11.24.050. In awarding fees to Fredrick Jr., the superior court determined that the pleadings did not include sufficient evidence that Frederick Sr. brought his cross petition in good faith, as required by the statute. We agree with Frederick Sr. that it was error for the superior court to assess fees against him under RCW 11.24.050.

---

[4] Because we conclude that it was proper for the superior court to dismiss Frederick Sr.'s cross petition because he failed to comply with TEDRA's new action requirement, we do not reach the issue of whether Frederick Sr. provided proper notice of his cross petition under RCW 11.24.020 and RCW 11.96A.100(2).

RCW 11.24.050 provides that the superior court may assess reasonable attorney fees against an unsuccessful will contestant "unless it appears that the contestant acted with probable cause and in good faith." We review a superior court's decision to award attorney fees under RCW 11.24.050 for an abuse of discretion. *In re Estate of Bussler*, 160 Wn. App. 449, 470, 247 P.3d 821 (2011). A superior court abuses its discretion when its decision is " 'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.' " *In re Estate of Black*, 153 Wn.2d 152, 172, 102 P.3d 796 (2004) (internal quotation marks omitted) (quoting *State v. Downing*, 151 Wn.2d 265, 272, 87 P.3d 1169 (2004)).

Here, the superior court awarded fees under RCW 11.24.050 based on the parties' pleadings, including all materials submitted as part of the motion to dismiss. The superior court explained that, based on the pleadings then existing in the court file, it could not find that Frederick Sr. acted in good faith or with probable cause because he had not submitted any affidavits to support the claims in his cross petition.

We determine that the superior court abused its discretion in assessing attorney fees against Frederick Sr. With little explanation or analysis, Frederick Jr. requested fees under RCW 11.24.050 in his motion to dismiss. In his response, Frederick Sr. outlined the "good faith" requirements of that statute and argued, "There is no evidence of good faith, or not, at this stage of the proceedings, so it is premature to award fees pursuant to that statute, even if the court rules in favor of [Frederick Jr.]" CP at 134. Frederick Jr. did not reply to this argument.

At the hearing, Frederick Jr. again did not address the timing of his fee request in his oral remarks; indeed, neither party argued the issue of attorney fees. And the superior court did not

inquire about the good faith or probable cause requirements in RCW 11.24.050 or suggest it would be reviewing the file for factual support in the existing pleadings.

Under RCW 11.24.050, "where a will is upheld in a contest, the court may assess fees against the contestant, if he or she did not act in good faith." *In re Estate of Marks*, 91 Wn. App. 325, 337, 957 P.2d 235 (1998). A necessary predicate to this determination is the development of a factual record from which the court could assess good faith. Here, Frederick Jr. brought a procedural motion at the outset of this case, arguing that procedural defects in the initiation of Frederick Sr.'s will contest required dismissal. Frederick Jr.'s motion was brought, properly so, prior to the factual development of Frederick Sr.'s underlying allegations. And when Frederick Sr. flagged the issue of ripeness in his response to the motion to dismiss, there was no meaningful refutation by Frederick Jr. prior to the superior court's decision. Given that the motion to dismiss was made promptly and was purely procedural, Frederick Sr. could not reasonably have been expected to develop the factual basis for his claims absent more direction from the superior court. RCW 11.24.050, with its trigger rooted in the substantive determination of good faith, is ill-suited to serve as a basis for fees this early in a case and under these particular circumstances. Therefore, we hold that the superior court abused its discretion by assessing attorney fees against Frederick Sr. under RCW 11.24.050.

B. ATTORNEY FEES ON APPEAL

Both parties request attorney fees under RAP 18.1 and RCW 11.96A.150. Frederick Jr. additionally requests fees under RCW 11.24.050.

Under RAP 18.1(a), a party may request attorney fees on appeal if "applicable law" grants them the right to recover the fees. RCW 11.96A.150 grants the court discretion to award attorney fees to any party in any proceeding governed by TEDRA. RCW 11.96A.150(1) and (2). This includes estates, and an award of fees under the statute is not limited by RCW 11.24.050. RCW 11.96A.150(2); *see also Berry*, 189 Wn. App. at 379 ("The authority granted by RCW 11.96A.150 to award attorney fees is not limited to actions initiated under chapter 11.96A RCW."). "[T]he court may consider any and all factors that it deems to be relevant and appropriate, which factors may but need not include whether the litigation benefits the estate or trust involved." RCW 11.96A.150(1).

On appeal, Frederick Jr. prevails on the issue of whether the superior court properly dismissed Frederick Sr.'s petition, but Frederick Sr. prevails on the issue of whether the superior court properly awarded fees to Frederick Jr. under RCW 11.24.050. We decline to award fees on appeal to either party.

## CONCLUSION

Although the superior court properly dismissed Frederick Sr.'s cross petition with prejudice, it erred by awarding attorney fees to Frederick Jr under RCW 11.24.050. Accordingly, we affirm the superior court's order in part, reverse in part, and remand for further proceedings consistent with our opinion. We deny both parties' requests for attorney fees on appeal.

No. 55870-0-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

GLASGOW, C.J.

LEE, J.

11